JOSEPH SMITH vs. CITY OF LOWELL.

Middlesex.    November 14, 1905. — February 27, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Municipal Corporations.  Lowell.*

In an action by the clerk of the board of police of the city of Lowell against that city to recover a balance of $300 alleged to be due him as salary, it appeared that under the revised charter of that city, St. 1896, c. 415, the board of police, having power to appoint a clerk of the board and to fix his salary, appointed the plaintiff to that office and fixed his salary at $1,800 per year, that the city council, having control of appropriations, voted that "the joint committee on appropriations shall determine, in their annual appropriations, the amount to be allowed for clerical assistance," and in an appropriation of $4,700 for salaries of the police board and the clerk of the police board provided only $1,500 for the plaintiff's salary for the year.  Section 8 of the revised charter provides that "no sum appropriated for a specific purpose shall be expended for any other purpose; and no expenditure shall be made and no liability be incurred by or on behalf of the city until the city council has duly voted an appropriation sufficient to meet such expenditure or liability, together with all prior unpaid liabilities which are payable therefrom," with an exception not material. In addition to the appropriation above named the city council appropriated $127,806 for salaries and labor of the police department, which subsequently was increased by $225, and there were receipts from services of officers, creating a surplus of $1,470 in the appropriation after paying for all labor and salaries, exclusive of the balance claimed by the plaintiff. *Held*, that, the plaintiff's salary being one of the salaries of the police department, the surplus of the appropriation properly was applicable to its payment, and that the attempt in the appropriation to restrict the plaintiff's salary to $1,500 was of no effect, being beyond the power of the city council.

CONTRACT for a balance of $300 alleged to be due the plaintiff for services as clerk of the board of police of the defendant during the year 1902.    Writ dated July 23, 1903.

In the Superior Court the case was submitted to *Stevens,* J. upon an agreed statement of facts permitting the court to draw inferences of fact, as stated in the opinion.    The judge found for the plaintiff, and assessed damages in the sum of $337.50, including interest from December 31, 1902.    The defendant appealed.

The case was submitted on briefs at the sitting of the court in November, 1905, and afterwards was submitted on briefs to all the justices.

*J. G. Hill,* for the defendant.

*N. D. Pratt & J. J. Devine,* for the plaintiff.

KNOWLTON, C. J. This is an action to recover a balance of salary, claimed by the plaintiff as clerk of the board of police of the city of Lowell. The case was submitted on an agreed statement of facts, which permitted the court to draw such inferences from the facts as might properly be drawn by a jury. The Superior Court found for the plaintiff, and from the judgment on the finding the defendant appealed to this court. On such an appeal, the only question of law open is whether there was any evidence in the agreed facts which would warrant the finding for the plaintiff. *Davis* v. *Harrington,* 160 Mass. 278. *Norton* v. *Brookline,* 181 Mass. 360.

The salary of the plaintiff was fixed by the board of police on December 31, 1901, at $1,800 per annum, and he has not been fully paid at that rate. Under the St. 1895, c. 187, creating this board, the board has power, by the provisions of § 7, to appoint a clerk, and impliedly to fix his salary, which, by the terms of the statute, cannot be less than $500 per annum. The St. 1896, c. 415, is " An Act to amend the charter of the city of Lowell," and by § 5 of this chapter " The heads of the several departments and offices shall have the power to appoint and employ and to discharge all subordinate officers and employees in their respective departments." " The appointment or employment of such an officer includes the fixing of his compensation, whether designated as salary or wages, as well as the choice and naming of the appointee." *Faulkner* v. *Sisson,* 183 Mass. 524, 526. The board of police has always fixed the salary of the clerk of the board since the office was created, and there is no question that the vote to give the plaintiff a salary of $1,800 per year was binding upon the city, unless its validity is affected by certain action of the city council in regard to appropriations.

Under the St. 1896, c. 415, § 7, and other sections, the city council is prohibited from directly or indirectly taking " part in the employment of labor, the purchase of material, the construction, alteration or repair of any public works or other property, or in the care, custody or management of the same, or in general in the expenditure of public money or in the conduct of the executive or administrative business of the city," with certain

exceptions immaterial to this case.   By § 6 the heads of the several departments are given general charge and management of all matters pertaining to their respective departments, except the purchase of materials and supplies.   Except under the St. 1895, c. 187, § 6, which deals with the number of patrolmen and the pay of police officers, the city council has nothing directly to do with the management of the police department, or with the expenditure of money in promoting its objects.   As was pointed out in *Muldoon* v. *Lowell,* 178 Mass. 134, 138, the act amending the city charter made very important changes in the method of management of municipal affairs in the city of Lowell, increasing largely the responsibilities of the executive department; but the city council is left in control of the appropriations, and, under § 8 of this act, except in the expenditure for schools, it may block the wheels of municipal action by withholding or limiting appropriations.   The language referred to is as follows: "No sum appropriated for a specific purpose shall be expended for any other purpose; and no expenditure shall be made and no liability shall be incurred by or on behalf of the city until the city council has duly voted an appropriation sufficient to meet such expenditure or liability, together with all prior unpaid liabilities which are payable therefrom, except that after the expiration of the financial year and before the making of the regular annual appropriations liabilities payable out of the regular appropriation may be incurred to an amount not exceeding one sixth of the total of the appropriation made for similar purposes in the preceding year."

The vote of the city council that " the joint committee on appropriations shall determine, in their annual appropriations, the amount to be allowed for clerical assistance " had no effect to fix the salary of the plaintiff, for the city council had no jurisdiction to determine his salary.   Its only effect was upon the amount of the appropriation.   The appropriation " of $4,700 for salaries of police board and clerk of police board," which was subsequently made, provided only $1,500 for the plaintiff's salary for the year, and if there were no appropriation out of which his salary could lawfully be paid, the city would not be liable for any more than this sum.   But the city council also appropriated " $127,806 for salaries and labor of police de-

partment." This was subsequently increased by an additional appropriation of $225, and there were receipts from other departments for services of officers, such that there was a balance of $1,470.38 in the appropriation, after paying for all labor and salaries, except the balance of $300 claimed by the plaintiff. The plaintiff's salary was one of the salaries of the police department, and this appropriation was properly applicable to the payment of his salary, as well as any other salary of the department. There was no insufficiency of appropriations that could lawfully be used in paying his salary, as it was fixed by the board of police, and it does not appear that the liability to him was improperly incurred under § 8. Payment of this salary does not require that a " sum appropriated for a specific purpose shall be expended for any other purpose." The language of the appropriation should not be restricted to accomplish a purpose of the city council in regard to a matter which was outside of its province. The details of management and expenditure in the police department were entrusted to the board of police, subject only to the limitation contained in St. 1895, c. 187, § 6, and it was irregular for the city council to attempt to dictate in regard to salaries to be paid to particular subordinates. If improper payments were made, the remedy provided by the statute is of another kind.

While the statute recognizes the right of the city council to make specific appropriations, it does not contemplate that, in these appropriations, it shall attempt to interfere with the management of the department, to the extent of stating the sums to be paid as wages or salaries to particular clerks or employees. Without attempting to determine what subdivisions are permissible in making specific appropriations, we are of opinion that the appropriation for " salaries and labor of police department " could lawfully be used to make up a deficiency in the appropriation specially intended for the salary of the clerk of the board. For another case in which this statute has been considered, see *Stratton* v. *Lowell*, 181 Mass. 511.

*Judgment for the plaintiff.*