PATRICK COSTELLO *vs.* INHABITANTS OF NORTH EASTON VILLAGE DISTRICT.

Bristol.    January 5, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Contract,* Validity.    *Watch District.    Improvement District.    Fire District. Municipal Corporations,* Officers and agents.    *Quasi Corporations.*

No contract involving the incurring of expense can be binding upon either a watch district, established under Gen. Sts. c. 23, § 8, now R. L. c. 31, §§ 8–19, or upon an improvement district, established under St. 1870, c. 332, now R. L. c. 25, § 44, or upon a fire district, established under Gen. Sts. c. 24, § 33, now R. L. c. 32, §§ 49–70, until some provision has been made, by vote at least, to raise and appropriate the money to meet the expense; and therefore, although such a district votes to employ a certain person at a stated salary as a watchman and police officer, and such person accepts the appointment and serves as such officer, he cannot recover for such services if at the time of the vote there was no money in the treasury of the district and no further vote making an appropriation for the officer's salary was passed.

CONTRACT against an incorporated district described below for compensation for services as watchman and police officer from June 18 to October 1, 1908. Writ dated October 3, 1908.

On appeal to the Superior Court, the case was heard by *Stevens,* J., without a jury, upon an agreed statement of facts.

It appeared from the agreed facts that the defendant was an incorporated district in the town of Easton. It was a watch district and an improvement district by virtue of the general laws in force in 1873, when the district was first established,

and a water district and fire district by virtue of the provisions of St. 1887, c. 169.*

Police officers and watchmen of the district always had been employed by and under the control and superintendence of the prudential committee. The bills for services of the police officers and watchmen always had been presented to the prudential committee to be approved before they could be paid by the treasurer.

At the annual meeting of the district, which was held on April 30, 1908, the district raised and appropriated the sum of $1,200 for the purpose of employing and paying two police officers and watchmen for the ensuing year under the direction of the prudential committee. The plaintiff had been employed by the district in the capacity of police officer and watchman for many years preceding the annual meeting of 1908. Immediately after the annual meeting the prudential committee organized and employed two police officers and watchmen, each at a salary of $600 per year, which took up the whole appropriation for the police officers and watchmen for the ensuing year. The plaintiff was not one of the officers employed.

The plaintiff thereupon circulated a petition to have a special district meeting called, and such meeting was called to be held on June 11, 1908, "to see," among other things, "what action the district would take in relation to employing and paying a watchman and police officer for day duty during the ensuing year." At that meeting Article II of the warrant was as follows: "To see what action the district will take in relation to employing and paying a watchman and police officer for day duty during the ensuing year," and Article III read: "To see . if the district will authorize the prudential committee to appropriate, borrow or transfer money not less than $600 for the payment of said watchman and police officer for the ensuing year."

---

* St. 1887, c. 169 was an act incorporating the North Easton Water Company. By §§ 9–16, the "town of Easton, or the incorporated district therein known as the North Easton Village District" was given the right at any time under certain conditions "to take, by purchase or otherwise, the franchise, corporate property and all the rights and privileges of said corporation," and provision was made regarding the payment for the property thus taken, for the assessment and collection of taxes by the district, for its meetings and regarding the election and powers of its officers.

At that meeting, which was attended by the plaintiff, it was explained by an officer of the district that there was no money in the treasury which could be appropriated for the purpose of paying a watchman and police officer, that no money could be raised by taxation for the ensuing year, inasmuch as it was after the first of May, the time for assessing taxes, and that the district had no right to borrow any money except in anticipation of the taxes raised and appropriated at the annual meeting for the ensuing year. Upon consideration of Article II it thereupon was " voted to employ Patrick Costello as watchman and police officer for the ensuing year, salary $600." In considering Article III a motion was made to dismiss the article. This motion was defeated, but no other motion was made under this article and the moderator, after asking that some action be taken upon it and waiting for a reasonable time, passed to the next article without objection from anybody, so that no action was taken under Article III.

On June 16, 1908, the plaintiff wrote to the defendant's prudential committee accepting " the position of watchman and police officer for day duty for the ensuing year at a salary of $600 as voted at " the special meeting of June 11, 1908; and stating, " I shall report for duty on Thursday, June 18, 1908."

In reply the chairman of the prudential committee wrote on June 18, 1908, that " the prudential committee voted not to employ you for the ensuing year at a salary of $600, as voted at a special district meeting held on June 11, 1908, for the reason that there is no available fund from which to pay you and that the district did not make any provision for paying you."

The plaintiff went on and patrolled the streets of the district in the daytime from June 18, 1908, but the prudential committee did not recognize him as in the employ of the district, and exercised no control or superintendence over him.

The judge found for the plaintiff in the sum of $182.14, and the defendant appealed.

The case was submitted on briefs.

*D. J. O'Connell*, for the defendant.

*F. S. Hall & C. C. Hagerty*, for the plaintiff.

HAMMOND, J. The defendant was a watch district and improvement district by virtue of the general laws in force in 1873,

when the district was first established, and a water and fire district by virtue of the provisions of St. 1887, c. 169. The defendant contends that the vote of June 11, 1908, was of no force and effect; and one of the grounds upon which the contention is based is that there was no appropriation out of which the plaintiff could be paid.

A watch district is established " for the protection of property against fire, thieves and robbers, and for keeping the streets quiet in the night time." R. L. c. 31, § 8. Its officers consist of a clerk and a prudential committee of not less than three nor more than five persons. §§ 1, 12. Its manner of working is set forth in § 15 as follows: " The district may, at meetings called for the purpose, vote to raise money for the payment of watchmen and for other necessary expenses. The prudential committee shall have the superintendence and control of the watchmen, have charge of and be responsible for the property employed, have the custody and management of the money raised, expend the same for the purposes specified in the votes of the district, be accountable to the district for the money received by them and be liable to a suit for such money or other property of the district in the name of the inhabitants thereof." The clerk certifies to the assessors of the town in which the district lies the amount of money which the district has voted to raise, and the amount is assessed by the assessors of the town and the tax collected as in the case of town taxes.

It is a *quasi* corporation to which certain powers are granted, but upon which no obligation rests to exercise those powers. After organization it may decline or neglect to take any steps to protect property or to keep the streets quiet in the night time, indeed may cease utterly to act under any of the powers conferred upon it, and may leave these matters to be looked after by the town. It acts voluntarily and not by compulsion. When it chooses to act it must keep within the lines prescribed by the statute. It has no power to borrow money, not even in anticipation of the payment of taxes. It may raise and appropriate money and may spend it for the purposes for which the district was organized, but by necessary implication its power to spend must be limited by its appropriation. The powers of a district like the defendant are very restricted, and are to be exercised in

strict compliance with the authority given by statute. We think this statute by fair implication requires that before any contract can be binding on the district there must be some provision made, by vote at least, to raise and appropriate the money to meet the expense. In these respects its situation is entirely different under our statutory law from that of a town upon which duties are imposed and to whom corresponding powers are granted in order that those duties may be properly performed.

As an improvement district it is established " for the purpose of erecting and maintaining street lamps, establishing and maintaining libraries, building and maintaining sidewalks or for employing and paying watchmen and police officers." R. L. c. 25, § 44. Here, as in the case of a watch district, the duties are not compulsory. The district may for instance build and maintain sidewalks, but there rests upon it no duty in law to maintain a sidewalk for any longer time or to any greater extent than it sees fit. And its power as an improvement society to raise and appropriate money and to make contracts is, *mutatis mutandis*, the same in substance as its power as a watch district.

As a fire district the defendant may " incur debts for temporary loans in anticipation of the taxes of the municipal year in which such debts are incurred and of the receipts from other sources due in such year, and expressly made payable, by vote of the district, from such taxes and receipts." R. L. c. 32, § 60.

The defendant's power as a fire district or as a water district under St. 1887, c. 169, adds nothing to its power to contract for watchmen and policemen.

At the annual meeting in April, 1908, the district voted to raise and appropriate $1,200 for the purpose of employing and paying two watchmen and police officers to be under the control of the prudential committee. Immediately after the meeting the committee employed two officers, each at a salary of $600 a year, " which took up the whole appropriation for the police officers and watchmen for the ensuing year." Therefore when the June meeting was held the appropriation for this purpose was exhausted. Nevertheless the vote to employ the plaintiff was passed and no vote to raise and appropriate the money necessary for the payment of his salary was passed, although the warrant was read to the meeting for action thereon.

The only effect of such a vote to employ the plaintiff was to contract a debt in excess of the money raised and appropriated. It was for that reason alone invalid. It never has been ratified by way of a vote to raise and appropriate the money or in any other way.

It becomes unnecessary to consider the other grounds of defense.

*Judgment for the defendant.*