ANDREW SHANNON & others vs. MAYOR OF CAMBRIDGE & others.

Suffolk.    November 14, 1918. — November 26, 1918.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Municipal Corporations,* Municipal indebtedness act.  *Cambridge.  Mandamus.*

The mayor, the superintendent of streets and the auditor of a city that has adopted the Plan B form of government provided for in St. 1915, c. 267, Part III, subject to St. 1913, c. 719, called the municipal indebtedness act, are right in refusing to approve the alleged wages of certain city laborers claimed by them under an ordinance attempted to be passed by the city council raising the rate of the wages of the classes of laborers in question beyond the amount provided for by the budget for the fiscal year in violation of § 20 of the municipal indebtedness act.

In a petition by certain laborers in the employ of the city of Cambridge for a writ of mandamus to compel the mayor, the superintendent of streets and the auditor of that city to certify to the city treasurer the wages of the petitioners at an increased rate attempted to be established by an ordinance passed by the city council of that city in violation of the provisions of the municipal indebtedness act contained in St. 1913, c. 719, § 20, it was *said* that, as the petition must be dismissed, it was not necessary to consider whether, if the petitioners had been entitled to the wages claimed by them, they could have sued for such wages in actions of contract so that they would not have needed, nor have been entitled to, the writ of mandamus sought.

PETITION, filed on December 10, 1917, by six persons employed as laborers in the street department of the city of Cambridge, for a writ of mandamus directed to the mayor, the superintendent of streets and the auditor of that city commanding them to certify the names of the petitioners to the city treasurer for the payment of wages at the minimum rate of $3 a day as established by an ordinance alleged to have been passed by the city council over the veto of the mayor on June 12, 1917.

The answer of the respondents set up the invalidity of the alleged ordinance and also alleged, among other matters, that the petitioners, if entitled to their alleged wages, had a plain and adequate remedy by actions at law and that there was no occasion for the exercise of the extraordinary jurisdiction of the court by issuing its writ of mandamus.

The case was submitted upon the petition, the answer and an.

agreed statement of facts to *De Courcy,* J., who, at the request of the parties, reserved it for determination by the full court.

The case was submitted on briefs.

*J. F. Cavanagh & P. A. Hendrick,* for the petitioners.

*P. J. Nelligan & G. H. McDermott,* for the respondents.

BRALEY, J.  The petitioners, five of whom work in the sanitary division and one in the maintenance division of the street department, are employees of the city of Cambridge.

We assume on the record that unless the respondents, who at the date of filing the petition were respectively the mayor, the superintendent of the street department and the auditor, certified their names with the amount due to the city treasurer, the petitioners could not obtain their wages. The refusal of the respondents to make the necessary certification depends upon the validity of the ordinance enacted by the city council which established a minimum amount for each day's work. The amended city charter is found in St. 1891, c. 364. But the qualified voters having lawfully adopted "Plan B" as provided in St. 1915, c. 267, Part III, the powers of government under § 2 were to be exercised as "prescribed herein and in Part I." Section 8 of Part III relating to the mayor's approval or veto of every order, ordinance, resolution and vote relating to the affairs of the city passed or adopted by the city council, closes with these words: "Nothing in this section contained shall be construed as superseding or in any way affecting any provision of chapter seven hundred and nineteen of the acts of the year nineteen hundred and thirteen." The statute referred to is entitled an act relative to municipal indebtedness, and the city of Cambridge is subject to its provisions.

It appears that when the ordinance in question was passed an appropriation for laborers, among whom the petitioners are to be classed, had been duly made in the budget for the fiscal year as required by St. 1913, c. 719, § 20, as amended by St. 1915, c. 138, which specifically provided for the rate of wages as well as the number of days with the amount to be expended; and if the increase created by the ordinance is disbursed the appropriation will be insufficient to maintain the department and a deficit results. The ordinance under such conditions comes directly within the prohibition of St. 1891, c. 364, § 35, that ". . . No expenditures shall be made and no liabilities shall be incurred or be binding

upon the city for any purpose beyond the appropriation previously made therefor . . . ." Whatever the provisions of St. 1891, c. 364, as amended by St. 1896, c. 173, relating to the delegated legislative powers of the city council may be, it is plain that an ordinance cannot be legally enacted which overrides the express provisions of a subsequent statute to which the city expressly has been made subject. *Flood* v. *Hodges, ante,* 252.

It follows that, the ordinance being invalid, the respondents rightly refused to approve the payroll, and, as the petition must be dismissed, there is no occasion to consider the question raised in the answer, that the petitioners could have sued the city in actions of contract to recover their wages.

*Petition dismissed.*