RICHARD B. ROCK *vs.* CITY OF PITTSFIELD
(and two companion cases[1]).

Berkshire.    February 9, 1944. — June 2, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Municipal Corporations,* By-laws and ordinances, Officers and agents, Municipal finance. *Civil Service. Pittsfield. Practice, Civil,* Case stated; Requests, rulings and instructions.

Upon a report to an Appellate Division of an action heard in a District Court upon a case stated, requests for rulings other than a request for a general finding conforming to Rule 27 of the District Courts (1940), had no standing and were not considered.

An ordinance of the city of Pittsfield, which, in conformity with the provisions of the city charter, was passed over a veto of the mayor by the city council in October, 1942, and provided for an increase in salaries of certain city officials to begin on January 1, 1943, was valid, and such officials were entitled to recover such increases from the city although it had failed to make the necessary appropriation therefor in the 1943 budget.

THREE ACTIONS OF CONTRACT.    Writs in the District Court of Central Berkshire dated March 26, 1943.

The cases were consolidated and were heard by *Hibbard,* J.

*J. M. Rosenthal,* City Solicitor, for the defendant.

*S. E. Bloomberg,* for the plaintiffs.

LUMMUS, J.    The plaintiffs in these three cases are respectively a member of the police department, the fire department, and the labor service of the city of Pittsfield, and are all within the protection of the civil service law. G. L. (Ter. Ed.) c. 31, as amended.    They were paid for the first three months of 1943 at the rates in force prior to an ordinance increasing their pay, enacted on October 27, 1942, to take effect on January 1, 1943, and now seek to recover the additional pay for the first three months of 1943 to which that ordinance purported to entitle them.

---

[1] The two companion cases were brought against the same defendant by Alexander D. Sturgeon and by William A. Daly.

The judge found for the plaintiffs, the Appellate Division dismissed a report, and the defendant appealed.

The cases were submitted to the District Court upon an "agreed statement of facts" amounting to a case stated. It may be that a request by the defendant for a general finding or decision in its favor, sufficient to comply with Rule 27 of the District Courts (1940) (see Rule 28 of the Municipal Court of the City of Boston [1940]), was useful and even necessary in order to obtain a ruling upon which it could claim a report under G. L. (Ter. Ed.) c. 231, § 108, because there is no appeal from the decision of the judge to the Appellate Division. See *Schon* v. *Odd Fellows Building Association,* 255 Mass. 465; *Holton* v. *American Pastry Products Corp.* 274 Mass. 268; *Breen* v. *Burns,* 280 Mass. 222, 228; *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94, 95; *Ahern* v. *Towle,* 310 Mass. 695, 701; *Langdoc* v. *Gevaert Co. of America, Inc.* 315 Mass. 8. But since the cases were presented on a case stated, further requests for rulings had no utility or standing, and need not be considered, for the only question before the Appellate Division or before us is whether the decision was right on the facts stated and proper inferences therefrom. G. L. (Ter. Ed.) c. 231, § 126. *Harsha* v. *Bowles,* 314 Mass. 738. *Howland* v. *Stowe,* 290 Mass. 142, 146.

The charter of Pittsfield is found in St. 1932, c. 280, as amended by St. 1933, c. 231. It provides for a mayor and a city council of eleven members. Six members constitute a quorum. St. 1932, c. 280, § 21. The mayor has a veto power over every "ordinance, resolution, order and vote of the city council relative to the affairs of the city." § 23. If the mayor disapproves, he returns the measure to the city council with his written objections. After seven days, the city council may pass the measure over the veto by a vote of eight members. § 23.

The ordinance in question was passed to be ordained by the city council on October 9, 1942, and was duly presented to the mayor for his approval. Within the ten days allowed him for veto, the mayor returned it with his written objections. More than seven days thereafter, on October 27,

1942, the city council again passed the ordinance by the unanimous vote on roll call of the ten members present. The terms of office of the mayor and the members of the city council did not expire until the first Monday of January, 1944.

The statutes restrict the power of city governments to increase salaries during a year. In *Flood* v. *Hodges*, 231 Mass. 252, 256, 257, it was said, "The manifest design of these provisions is to provide early in the municipal year a complete schedule of appropriations for the general uses of the city and to discourage a tendency to spend more than the municipal income." In cities other than Boston, within forty-five days after the annual organization of the city government, the mayor has the duty of submitting the annual budget to the city council, which may reject or reduce items but may not increase or add to them. The city council may make appropriations accordingly. G. L. (Ter. Ed.) c. 44, § 32, as amended. The power of city officials to expend money after the beginning of a year and before appropriations are made is very closely limited. G. L. (Ter. Ed.) c. 44, §§ 31, 34, as amended. After the submission of the annual budget, increases in salaries are forbidden unless provision therefor is made by means of a supplemental budget. G. L. (Ter. Ed.) c. 44, § 33A. See now the amendment made by St. 1943, c. 62. *McHenry* v. *Lawrence*, 295 Mass. 119.

But we know of no statute that restricts the power of the city council of Pittsfield to enact an ordinance in one year making an increase in salary to take effect at the beginning of the succeeding year. And we see no reason why such an ordinance could not be passed over a veto. We think that the ordinance was valid, and that the salary increase took effect on January 1, 1943. It then became the duty of the mayor to provide in the budget for payment of the salaries as increased by the ordinance. G. L. (Ter. Ed.) c. 44, § 33A. The defendant in its brief expressly waives any point that the plaintiff in the third case was not an "official" within the statute — a point that could not be taken in a case arising after the amendment made by St.

1943, c. 62. The duty to provide for the increased salaries arises upon general principles, and not exclusively upon the terms of § 33A. *McHenry* v. *Lawrence*, 295 Mass. 119, 122, 123. *Barnard* v. *Lynn*, 295 Mass. 144, 147.

Since the salaries were validly increased, the plaintiffs are entitled to recover the unpaid balances of the increased salaries, and the fact that the city has failed to make the necessary appropriation therefor constitutes no defence. *McHenry* v. *Lawrence*, 295 Mass. 119, 121. *Barnard* v. *Lynn*, 295 Mass. 144, 146, 147. *Rappaport* v. *Lawrence*, 308 Mass. 545, 549. *Rossiter* v. *County of Middlesex*, 308 Mass. 458, 463. *Lowell* v. *Massachusetts Bonding & Ins. Co.* 313 Mass. 257, 271.

*Order dismissing report affirmed.*