*District Court of East Norfolk*

**OLD COLONY TRUST COMPANY, TRUSTEE UNDER THE WILL OF HENRY L. KINCAIDE**

**v.**

**CITY OF QUINCY**

*Present*: Nash, P. J., Cox and Sgarzi, J. J.

Case tried to *Kalus, J.* in the District Court of East Norfolk. No. 15878.

*Cox, J.* In 1954 the plaintiff, by an indenture under seal, leased to the defendant City of Quincy an easement for public travel over an area containing about 576 square feet of land situated between a public parking area and Cottage Avenue in Quincy. The lease was for a term of five years from February 1, 1954 and thereafter from year to year until terminated by ninety day's notice in writing by either party to the other. Rent was $300. annually payable in advance.

Since 1954 the defendant City has exercised its rights under the lease and has maintained a way for public travel over the leased prem-

ises. The City has not paid rent for the years 1954 through 1959 inclusive and it is to recover the sum of $1800. for rent that this action is brought.

The judge denied 6 requests for rulings filed by the plaintiff and allowed the 7 requests for rulings filed by the defendant.

There was a finding for the defendant. Under the caption "Findings of Fact" the judge made the following rulings:

> "The court rules that since no appropriation was made by the defendant municipality for the period of the lease as contained in the declaration, the plaintiff cannot recover. The court rules that this action is not for a "debt", within the meaning of General Laws, Chap. 44, Sec. 14."

The case was reported because the plaintiff claims to be aggrieved by the judge's rulings, including those under the caption "Findings of Fact", and his refusal to rule as requested by the plaintiff.

The facts are not in dispute. Nor is it disputed that the lease was duly authorized and executed in accordance with G. L. c. 40, §22B relating to the acquisition of off-street parking areas by lease as well as by purchase, gift or eminent domain.

The issue is whether or to what extent appropriations of funds were made, sufficient in law, to permit the required payment of the rent under the lease. The issue is adequately presented by the several requests for rulings filed by both parties. The trial judge

ruled there was no appropriation.

The report states that during the years 1954 to 1959 inclusive *no specific item* was included in the defendant's parking area appropriation for the rent here involved, although the City government did make annual appropriations for the expense of its operations of its parking area division of which unexpended balances remained as follows:

| Year | Appropriation | Unexpended Balance |
|------|---------------|--------------------|
| 1954 | 14,365. | 3156.89 |
| 1955 | 13,500. | 225.22 |
| 1956 | 36,000. | 109.68 |
| 1957 | 21,250. | 190.03 |
| 1958 | 25,400. | 4937.53 |
| 1959 | 24,000. | 2940.48 |

■ There is no general principle of law that a city or town is not bound by a contract made in its behalf by officers duly authorized, merely because no appropriation exists out of which the contract can be performed. *G. M. Bryne Co. v. Barnstable,* 286 Mass. 544, 552, 553. *Police Commissioner of Boston v. Boston,* 279 Mass. 577, 581, 582. *Decatur v. Auditor of Peabody,* 251 Mass. 82, 85.

■ But cases have arisen in which the authority of the officers purporting to contract on behalf of the municipality has been expressly made conditional upon the existence of a sufficient appropriation. *Smith v. Lowell,* 190 Mass. 332; *Costello v. North Easton Village District,* 205 Mass. 54;

*Adams v. County of Essex,* 205 Mass. 189. And by the municipal indebtedness act .... G. L. (Ter Ed.) C. 44, such a limitation upon the authority of officers and departments of a city or town was made part of our general law." *McHenry v. Lawrence,* 295 Mass. 119, 121. See also *G. M. Bryne Co. v. Barnstable,* 286 Mass. 544, 552, 553; *Rappaport v. Lamrence,* 308 Mass. 545, 549.

In the *McHenry* case the appointment of additional firemen and policemen to the permanent forces was held to be in violation of §33A of said chapter 44 because they were made subsequent to the submission of the annual budget and no provision of their salaries was provided for by a supplementary budget. The case also stated as applicable §31 (see now St. 1946, c. 358, §23) which forbade the incurring of liabilities in excess of appropriations except in cases of extreme emergency. The case went on to hold, pages 122, 123 that "In determining whether a liability incurred is in excess of the departmental appropriation, the amounts needed for the satisfaction of all preexisting contracts... must be deducted from the appropriation," and cited *Costello v. North Easton Village District,* 205 Mass. 54, 58, 59. *Flood v. Hodges,* 231 Mass. 252. *Shannon v. Mayor of Cambridge,* 231 Mass. 322. *Dyer v. Boston,* 272 Mass. 265, 274, 275. *Burt v. Municipal Council of Taunton,* 275 Mass. 535, 540. Compare *Adams v. County of Essex,* 205 Mass. 189, 198, 199. Thus it would appear

that while no new position could be created in a city after the submission of the annual budget without a supplementary appropriation because expressly forbidden by §31 (St. 1946, c. 358, §23) nevertheless there remained in the *McHenry* case strong dictum that as to other liabilities the city may be held liable at least *to the extent that money remains in the appropriation for such purposes.* That dictum found support and confirmation in *Duff v. Southbridge,* 325 Mass. 224, where the municipality appropriated $5000. to rebuild part of the street. The contractor submitted bills approved by the engineer in excess of the appropriation. The court upheld the refusal of the town officers to pay the excess and cited §31. The court observed (P. 228) that one of the purposes of the statute was to set rigid barriers against expenditures in excess of appropriations; that persons who deal with a municipality must take notice of this kind of limitation on municipal contracting powers, and cannot recover upon contracts attempted to be made in violation to them. However, the court held that the contractor could recover the difference between what he had received and the appropriation of $5000. " ... less such sums as have been validly paid or incurred to persons having rights in the appropriation prior to those of the plaintiff (contractor)." The court, in remanding the case for further proceedings, held that the plaintiff is entitled to show the true state of the account (ap-

propriation) and to have deducted only such sums "as were paid or incurred in accordance with law." A payment to another from the appropriation in violation of a town by-law was held not to be chargeable to the appropriation (P. 230). There is nothing in the report before us to indicate that there were any improper expenditures out of the parking area appropriations. Therefore, the balances appearing in the report for the years 1954 through 1959 are to be taken as just and true.

It would appear that only annual appropriations are required and that it is not necessary that there be at the outset a single appropriation for the entire term of the lease. *Salisbury Water Supply Company v. Salisbury, Mass.* 341 Mass. 42.

As has already been observed, there was no specific item in any of the appropriations in 1954 through 1959 which related to this particular area used in connection with the parking lot described but in each of those years the City of Quincy made appropriations for the expense of operations of its parking area division in the amounts described above, and in each year there remained a balance, sufficient in 1954, 1958 and 1959 to pay the rent in full, and in 1955, 1956 and 1957, to pay it in part. In our opinion there were appropriations made in each of the years in question to permit the City of Quincy to pay in whole, or at least in part, the rent due under the lease. Payments for rent in excess of the annual appropriations are not

debts of the city and therefore are not recoverable under G. L. c. 44, §14 which provides that "Nothing in this chapter shall exempt a city or town from its liability to pay debts contracted for purposes for which it may lawfully expend money." See *Lavelle v. Beverly,* 330 Mass. 72.

G. L. c. 44, §32 (St. 1941, c. 473, §2) requires the annual budget to be ". . . classified and designated so as to show separately with respect to each officer, department or undertaking for which an appropriation is recommended:-

(1) Ordinary maintenance, which shall also include debt and interest charges maturing during the year, and shall be subdivided as follows:-

  (a) Salaries, . . . ; and

  (b) Ordinary maintenance not included under (a); and

(2) Proposed expenditures for other than ordinary maintenance . . ."

Prior to the broad revision of §32 by St. 1941, c. 473, §2, the law required the annual budget of a city to "consist of an itemized and detailed statement of the money required," and the city council were required to "make such appropriations in detail, clearly specifying the amount to be expended for each particular purpose." It would seem, therefore, that the contention that there should be a specific annual appropriation for

the rent sought in this action loses its force in the light of the 1941 revision of §32, and that the annual appropriations for the expense of operating the city parking area division must be held to include rent payable under the lease in question, at least, to the extent that balances remained. We find no case dealing with the precise point subsequent to the 1941 revision of §32. For cases prior thereto see *Bell v. Cambridge,* 306 Mass. 249. See also *Quincy v. Brooks-Skinner, Inc.,* 325 Mass. 406, decided in 1950, which dealt with an hospital addition and the 1941 city budget prior to the revision of §32 by St. 1941, c. 473, §2, which revision was approved July 15, 1941 and became effective October 15, 1941. It is not just that the city should accept the benefits of the lease, lawfully executed, and then set up a lack of money as an excuse for not paying the rent notwithstanding available balances remaining in the annual appropriations. See *Rappaport v. City of Lawrence,* 308 Mass. 545, 549. G. L. c. 44, §31 (St. 1946, c. 358, §23) prevents payment in excess of the appropriations.

We are of the opinion that there was prejudicial error and that the plaintiff should have judgment in the sum of $1424.93, that sum being made up as follows:

| | |
|------|----------|
| 1954 | $300.00 |
| 1955 | 225.22 |
| 1956 | 109.68 |
| 1957 | 190.03 |

|      |         |
|------|---------|
| 1958 | 300.00  |
| 1959 | 300.00  |
|      | $1424.93 |

John R. Davis, of Boston, for the Plaintiff.
Douglas A. Randall, of Quincy, for the Defendant.