HOLCOMB, MAIN, MACKINTOSH, and HOVEY, JJ., concur.

---

[No. 16820. Department One. January 23, 1922.]

C. E. HAND, *Appellant*, v. SCHOOL DISTRICT No. 1 OF WALLA WALLA COUNTY *et al., Respondents*.[1]

SCHOOLS AND SCHOOL DISTRICTS (21, 25) — POWERS OF DISTRICT BOARD—TEXT BOOKS—VOTE OF ELECTORS—STATUTES — CONSTRUCTION. Under Rem. Code, § 4509, subd. 10, it is mandatory upon school boards in districts of the first class to furnish free text books to the pupils, when so ordered by vote of the electors of the district.

SAME (25, 30)—TEXT BOOKS—POWER TO INCUR INDEBTEDNESS— STATUTES—CONSTRUCTION. A construction of a statute requiring free text books and supplies to be furnished pupils, on vote of the electors, as mandatory would not authorize the incurrence of debt beyond the constitutional limit, since the electoral authorization must be construed as in effect only so long as it may lawfully be carried out.

SAME (25, 30). Injunction will lie to prevent a school board from selling such school books as it has on hand which are suitable for use in the schools, where free school books have been authorized by popular vote.

COSTS (3)—DISCRETION OF COURT. The matter of costs being entirely within the discretion of the trial court where the judgment was not wholly in favor of one party, a denial of costs to either party cannot be assigned as error.

Cross-appeals from a judgment of the superior court for Walla Walla county, Mills, J., entered August 2, 1921, favorable in part to both plaintiff and defend-

[1]Reported in 203 Pac. 940.

ants, in an action to compel the district board to furnish free text books to schools, tried to the court. Reversed.

*John C. Hurspool,* for appellant.

*John F. Watson,* for respondents.

BRIDGES, J.—The decision of this case requires the construction of certain provisions of the public school code.

That code divides school districts into classes, and the respondent school district No. 1 of Walla Walla is concededly of the first class. At an election held in the district in December, 1911, the electors voted for the furnishing of free school books and supplies to those attending the schools. Thereafter the district directors carried out the expressed wishes of the people. In June, 1921, the school board, on its own motion, called another election, and again submitted the same question to the people of the district, who again voted for free books and supplies. Shortly after that election the board made an order that the school district, "continue to supply free text books and supplies to the children of the grade schools of said district, but that the district discontinue the supplying of free text books, and, so far as practicable, free supplies, to the children attending the high schools of said district, and that the high school district books now on hand be disposed of by sales directly to the children attending the high school." Plaintiff brought this action, seeking to require the defendants to furnish all the pupils of the district with free text books, and enjoining the sale of books then on hand. The complaint sets out the facts as we have stated them, and further alleged that, unless enjoined, the board of directors would carry out its order. The answer was practically an admission of

the material allegations of the complaint. The plaintiff moved for judgment on the pleadings, and the court, in making its judgment, recited that the questions submitted for determination were three, to wit: "(a) Whether § 4509, Rem. & Bal. Code, is mandatory or permissive as to the furnishing of free text books; (b) whether the directors of said high school district may lawfully sell and dispose of high school text books now on hand belonging to said district; and (c) the application of ch. 170, Laws of 1921, to general or special elections in school district No. 1."

The court, in its judgment, refused to compel the defendants to furnish free text books and supplies, holding that they "may or may not provide free text books and supplies for children attending school in such district as in their judgment, and in the exercise of their discretion, they deem to be for the best interest of the school district." On the second proposition, the court's judgment enjoined and restrained the defendants from selling or disposing of the text books on hand, so long as the same should be suitable for use and required for school purposes. On the third proposition, the court held that ch. 170, Laws of 1921, p. 665, relative to elections is applicable to the defendant school district. It will be noted that the court's judgment is partly in favor of both parties to the action. The plaintiff has appealed and the defendants have cross-appealed.

The chief question we find it necessary to discuss is, may the school board, after the people have voted for free school books and supplies, in its discretion, refuse to furnish them, or any part of them.

In 1909, the legislature enacted a full and complete school code for the state. Section 2, ch. 4, art. 2, Laws of 1909, p. 285, of that code is with reference to the

powers and duties of school boards, and subd. 7 of that section reads as follows:

"To provide free text books and supplies to be loaned to the pupils of the school, when in their judg-ment the best interests of their district will be sub-served thereby, and to prescribe such rules and regula-tions as they shall deem necessary to preserve such books and supplies from unnecessary damage." Laws of 1909, p. 286; Rem. Code, § 4481.

Section 16, ch. 4, art. 3, p. 293, of the same act gives additional general powers to school boards in districts of the first class, and subd. 10 of that section reads as follows:

"To provide free text books and supplies for all children attending school, when so ordered by vote of the electors. . . ." Laws of 1909, p. 294; Rem. Code, § 4509.

It should be noted that the first section from which we have quoted is with reference to the powers of the directors of all school districts, regardless of class, and the section from which we have last quoted is with ref-erence to additional powers given to school boards in districts of the first class.

The appellant contends that, under subd. 10, last quoted, the board must furnish free school books, pro-vided the vote of the people is to that effect; while the cross-appellant contends that, under that subdivision, the board still has discretionary power. We are con-vinced appellant's position must be sustained. Sub-division 10 is to the effect that the board, in school dis-tricts of the first class, shall have power to provide free text books, "when so ordered by vote of the elec-tors." The pleadings clearly show that the people of the district have so ordered. It was not necessary to enact subd. 10 in order to give the board discretion-ary power in this regard, because subd. 7, first quoted,

gives all the discretion required or contended for. If, under subd. 10, the board still has discretionary power, what would be the use or purpose of holding an election to determine whether free school books should be furnished? If, after the people have voted for free books, the board may still in its discretion refuse to furnish them, then the election is a useless expense and trouble. The board did not need the authority of the people at an election to give it authority to furnish free books. That authority was given by subd. 7, *supra.* The provisions of subd. 7 are found in nearly all of the previous school codes, but subd. 10 is found only in the 1909 code. The manifest purpose of subd. 10 is to deprive the school board of discretionary power, provided the people of the district order free school books to be furnished.

But cross-appellant argues that, if we construe subd. 10 as mandatory, then we are bound to construe all of the other subdivisions of § 16, *supra,* as being mandatory, and thus the code would be unworkable. To hold, as we do, that, when the people have voted for free school books, it is mandatory that the board furnish them, does not affect, or make mandatory, the remainder of the subdivisions of that section.

Cross-appellant expresses apprehension of evils to result from the construction which we have given to subd. 10, because the board might be required to go beyond its constitutional debt limit in order to furnish free text books voted by the people. Manifestly, the board would not be required, nor permitted, to violate constitutional or statutory limits of indebtedness in order to comply with the demand of the people, for that demand must be construed as being in effect only so long as it may lawfully be carried out. As to the suggestion of cross-appellant that once the board is required to furnish free school books there is no way

of changing that practice, it is sufficient to say that the question of free school books may be at any time submitted to the people, and thus any previous action nullified.

It is further contended, however, that the election in June of 1921, when the people ordered free books to be furnished, was illegal because of ch. 170, Laws of 1921, p. 665, with reference to the time of holding elections, the contention being that that chapter applies to school districts, and that the election was held at a time other than that provided by that chapter. It is not necessary for us to determine whether this 1921 election was held at a time and in a manner provided by law. It is conceded that the 1911 election was valid, and at both of the elections the people voted for free books, and if the 1921 election should be wholly void, then the act of the people in the 1911 election would be controlling. It is, therefore, unnecessary to construe ch. 170, Laws of 1921.

The only other question involved is whether or not the board of directors should be enjoined from selling the high school text books. It is conceded that those now on hand are a proper kind to be used in the high school. Inasmuch as we have held that the board must furnish such books, it would naturally follow that it should be enjoined from selling the books which it already has. We therefore hold that, since the people of the district have voted for free school books, it is mandatory that the school board furnish them, and that the board should be enjoined from selling such books as it has on hand which are suitable for use in the schools.

Appellant complains that the judgment of the court provided that neither party should be required to pay the costs of the other. The judgment was not wholly

in favor of the plaintiff, and, under the decisions of this court, the matter of costs was entirely within the discretion of the trial court.

The judgment is reversed, and the cause remanded for proceedings in accordance herewith.

PARKER, C. J., FULLERTON, and TOLMAN, JJ., concur.