LEWIS H. PETERS *vs.* CITY OF MEDFORD.

Middlesex.     October 8, 1936. — October 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Municipal Corporations,* Municipal finance.

Under G. L. (Ter. Ed.) c. 44, § 31, and a similar provision of a city char-
    ter, the city was under no obligation to pay for services of counsel
    employed by its licensing board to defend their title to office and their
    authority to act, where no appropriation had been made for the
    board previous to such employment; nor was the city required to
    pay for such services under § 7 of G. L. c. 138 in the form appearing
    in St. 1933, c. 376, § 2, since the services were not "necessary expendi-
    tures" within that statute.

CONTRACT. Writ in the First District Court of Eastern
Middlesex dated March 6, 1935.

On removal to the Superior Court, the parties agreed
upon all material facts excepting the value of services
rendered by the plaintiff at the request of the defendant's
licensing board; and it was agreed that that issue should

"be submitted to the jury on a special issue of fact to be found by them, and that the finding of the jury shall be recorded and made a part of this case; and that the jury shall thereupon be discharged from further consideration of the case, and the disposition of the case shall be made by the court without jury." The issue was tried before *Macleod*, J., and the jury returned verdicts amounting to $1,000. After the death of *Macleod*, J., the action was further heard by *Williams*, J., who found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*F. Juggins & L. H. Peters*, for the plaintiff.

*J. E. Howard*, City Solicitor, & *P. Mondello*, Assistant City Solicitor, for the defendant.

CROSBY, J. This is an action brought to recover for legal services rendered the licensing board of the defendant. Agreed facts were in substance as follows: In March or April, 1933, John H. Burke, the mayor of the defendant city, purported to appoint the members of the licensing board of the defendant under the provisions of St. 1933, c. 120, which is entitled "An Act authorizing and regulating the manufacture, transportation and sale of wines and malt beverages." The same persons were reappointed by the same mayor on December 6, 1933, under the provisions of St. 1933, c. 376. Burke went out of office as mayor on or about January 1, 1934, and John J. Irwin succeeded him. On April 18, 1934, Irwin wrote to each of the members of the licensing board that he was on that date removed from office in accordance with an opinion rendered by the city solicitor of the defendant city on the ground stated that the members of the board had not been appointed in accordance with the General Laws and the city charter. After receipt of these letters the members of the licensing board engaged the plaintiff to represent the board and the members thereof. In accordance therewith the plaintiff appeared in an equity session of the Superior Court, and, as a result of that appearance, a judge of that court revoked without prejudice the order of the mayor removing the members of the licensing board of the city as contained in the let-

ters signed by the mayor and above referred to. Thereafter the board of aldermen purported to issue victuallers' licenses to several applicants, and intended to consider an application for a license for the sale of alcoholic beverages. The licensing authorities again engaged the plaintiff to represent them. The plaintiff again appeared in an equity session of the Superior Court and, after hearings, a report was made by a judge of that court in which it was recited that the plaintiffs in that suit constituted the licensing board of the defendant city, "having been appointed under the provisions of law, and that the board of aldermen for said city have purported to issue victuallers' licenses to several applicants, and intended to consider an application for a license for the sale of alcoholic beverages." The judge ruled "that the plaintiffs are the duly organized and proper board to issue licenses to victuallers and for the sale of alcoholic beverages in the said city . . . and that the defendants are without authority in such matters . . . ." In December, 1934, the plaintiff submitted bills for his services in the two proceedings, and the amount of his compensation, as agreed between him and the licensing board, was $900 in the first and $600 in the second. No appropriation was contained in the 1934 budget for these bills. The licensing authorities forwarded the bills with their approval indorsed thereon to the mayor of the defendant city; later they included a provision for $1,500, the amount of the two bills, in their estimated budget for the year 1935. Thereafter the mayor submitted the full city budget, and neither the item of $1,500 nor any part thereof, as requested by the licensing authorities, was included in the appropriations recommended by the mayor. "At no time prior to 1935 did the licensing authorities have an appropriation or fund to be spent or used by them, and at the time of the employment of the plaintiff by the licensing authorities," the latter had no funds or appropriation to pay for services of the plaintiff, or to pay for any other purposes; and the submission by the licensing authorities of an item of $1,500 in their budget to pay the plaintiff for his services was made after the services had been rendered. . .

The trial judge submitted to the jury questions as to the fair value of the plaintiff's services. The jury returned findings amounting to $1,000. Thereafter, and before making any decision upon the question of law as to whether the defendant was legally liable, the trial judge died, and the case came before another judge of the Superior Court who found for the defendant. Exception was taken by the plaintiff to this finding.

G. L. (Ter. Ed.) c. 44, entitled "Municipal Finance," provides in § 31 that "No department of any city or town, except Boston, shall incur liability in excess of the appropriation made for the use of such department, except in cases of extreme emergency involving the health or safety of persons or·property, and then only by a vote in a city of two thirds of the members of the city council, and in a town by a vote of two thirds of the selectmen." *Decatur* v. *Auditor of Peabody*, 251 Mass. 82. It is agreed that the city charter of the defendant may be regarded as evidence in the case. Section 29 provides as follows: "The Mayor shall cause to be made to him in the month of January of each year by the heads of departments, and by all other officers and·boards having authority to expend money, detailed estimates of the amounts deemed by them to be necessary for their respective departments for the financial year, which shall begin on the first day of January; and he shall, not later than the tenth day of February, transmit such estimates to the board of aldermen, recommending such appropriations for each department or purpose as he shall deem necessary therefor." Section 30 of the city charter provides in part as follows: "No expenditure shall be made and no liability incurred by or in behalf of the city until the board of Aldermen has duly voted an appropriation sufficient to meet such expenditure or liability, together with all prior unpaid liabilities which are payable therefrom, unless by authority of said board first obtained," with an exception not material in the present case.

It is plain from the provisions of the city charter of the defendant that the local licensing board had no power to make expenditures beyond the appropriations previously

voted. Therefore any indebtedness incurred by the licensing board in excess of its appropriation was illegal and void. It follows that the local licensing board had no authority to employ counsel in the proceedings in question since no appropriation had been previously made for it. *United States Drainage & Irrigation Co.* v. *Medford*, 225 Mass. 467. *Conners* v. *Lowell*, 246 Mass. 279, 282, 283. *Hand* v. *School District No. 1*, 118 Wash. 439.

Whatever may be the effect, in a case to which it is applicable, of the provision in § 7 of G. L. c. 138 in the form appearing in St. 1933, c. 376, § 2, relied on by the plaintiff, requiring a city having a licensing board to "pay all expenses incurred by said board for blank books, printing and other necessary expenses approved by said board," this provision does not aid the plaintiff in this case. Such "other necessary expenses" clearly are expenses of the same general nature as those specifically described. Expenditures for the legal services here involved are not such "necessary expenses."

The finding for the defendant fails to show any error of law.

*Exceptions overruled.*