SUSAN P. GILLIGAN & another[1] *vs.* ATTORNEY GENERAL & another.[2]

Suffolk. May 5, 1992. - July 6, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Constitutional Law*, Initiative petition, Appropriation of money. *Initiative. Tobacco.*

The Attorney General's certification and summary of a certain initiative petition complied with the provisions of art. 48 of the Amendments to the Massachusetts Constitution, where the proposed measure, establishing a health fund financed by an excise tax on certain tobacco products, did not make a specific appropriation of treasury monies or limit the Legislature's authority to appropriate funds or modify the current revenue distribution scheme [16-19], and where the summary fairly informed voters of the main features of the measure [19-20].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 8, 1992.

The case was reported by *Wilkins*, J.

*Gerald J. Caruso* (*Robert P. Rodophele* with him) for the plaintiffs.

*Peter Sacks*, Assistant Attorney General, for the Attorney General & another.

*Cheryl M. Cronin, Peter D. Enrich, & S. Stephen Rosenfeld*, for American Cancer Society, Massachusetts Division & others, amici curiae, submitted a brief.

LIACOS, C.J. The plaintiffs commenced this action in the county court, challenging the Attorney General's certification and summary of an initiative petition entitled "An Act pertaining to health and tobacco." The single justice reserved

[1] Robert Stone. The plaintiffs are registered voters of the Commonwealth.

[2] Secretary of the Commonwealth.

and reported the action to the full court on the pleadings and statement of agreed facts. We hold that both the certification and summary comply with art. 48 of the Amendments to the Massachusetts Constitution, governing the initiative process.[3]

*Background.* The petition proposes to amend G. L. c. 64C (1990 ed.) by inserting a new section, § 7, which would impose an excise on cigarettes and smokeless tobacco. This excise would be separate from, and additional to, the excise currently imposed under G. L. c. 64C, § 6. The rate of the excise under § 7 would be 1¼ cents per cigarette (25¢ per pack of 20 cigarettes), and 25% of the wholesale price of smokeless tobacco.

The petition also proposes to amend G. L. c. 29 (1990 ed.) by inserting a new section, § 2T, which would establish a new and separate fund on the books of the Commonwealth, to be known as the Health Protection Fund. All the revenue generated by the excise under G. L. c. 64C, § 7, would be credited to this fund. Under § 2T, "[a]mounts credited to said Fund shall be expended, subject to appropriation, to supplement existing levels of funding for" a variety of programs related to health and tobacco. The specific programs would include school health education programs which incorporate information regarding the hazards of tobacco use, prenatal and maternal care programs which incorporate such information, workplace and community based smoking prevention and cessation programs, and programs to monitor mortality and morbidity from cancer and other tobacco-related diseases.

Finally, the petition proposes to amend G. L. c. 64C, § 28. That statute currently provides that the amounts collected under G. L. c. 64C are to be credited, in certain fixed percentages, to the Local Aid Fund, General Fund, and Highway Fund respectively. The amended § 28 would expressly

[3]We acknowledge receipt of a brief from the Massachusetts Division of the American Cancer Society, the Massachusetts Coalition for a Healthy Future, Anthony J. Piro, Barbara Roderick, and John Larkin Thompson, as amici curiae.

exclude from that distribution scheme the revenue from the excise under § 7.

The petition was filed with the Attorney General and certified by him pursuant to art. 48, The Initiative, II, § 3. He certified, among other things, that the petition contains only subjects not excluded by art. 48 from the initiative process. He also prepared a written summary of the petition, as required by art. 48, in which he stated in part: "This proposed law would establish a Health Protection Fund to pay for health programs relating to tobacco use, including distribution of information about tobacco use, to be financed by a new excise tax on cigarettes and smokeless tobacco. The Health Protection Fund would be used, subject to appropriation by the state Legislature, to supplement existing funding for [the programs specified in the petition]."

After the proponents of the petition gathered and timely filed the required number of additional signatures, the Secretary of the Commonwealth transmitted the petition to the Legislature. It appears the Legislature did not enact the measure proposed in the petition.[4] We are informed that the Secretary intends to place the measure and the Attorney General's summary on the Statewide ballot in November, 1992, provided the petition is completed by the timely filing of a sufficient number of further signatures. See art. 48, The Initiative, V, § 1.

The plaintiffs seek a declaration that the Attorney General's certification and summary do not comply with art. 48. They ask that we enjoin the Secretary from placing the measure and summary on the ballot.

*Certification.* The plaintiffs claim that the measure proposed in this petition would make a specific appropriation of money from the Commonwealth's treasury and, therefore, is excluded by art. 48 from the initiative process. In *Associated Indus. of Mass.* v. *Secretary of the Commonwealth, ante* 1

---

[4]As of the date of the parties' statement of agreed facts, the Legislature had not enacted the measure. Neither side has informed us of any action taken by the Legislature since then. The deadline for action by the Legislature was May 6, 1992. See art. 48, The Initiative, V, § 1.

(1992), also decided today, we rejected an identical claim concerning an initiative measure which, in relevant respects, was similar to the measure in this action. Our opinion in that action addresses, and is dispositive of, the major arguments advanced by the plaintiffs in this action. We shall address briefly certain additional arguments raised by the plaintiffs in this case.

1. The plaintiffs argue that the mere act of crediting the excise revenue to a statutorily created, earmarked fund itself would constitute an appropriation. We disagree. As explained in *Associated Indus. of Mass.*, *supra* at 7-8, an appropriation does not occur until the public monies are set aside for a specific purpose "in such manner that the executive officers of the government are authorized to use that money, and no more, for that object and for no other." Here, absent some further action by the Legislature, namely, an appropriation under art. 63, the Executive Branch would not be authorized to use the monies in the Health Protection Fund.

This definition of appropriation was adopted by the Justices in *Opinion of the Justices*, 323 Mass. 764, 766-767 (1948). We quoted the definition with approval, and applied it, in *Slama* v. *Attorney Gen.*, 384 Mass. 620, 625 (1981). We also cited the definition with approval in *Tax Equity Alliance for Mass., Inc.* v. *Commissioner of Revenue*, 401 Mass. 310, 315 (1987). In the latter case, we held that an initiative measure which provided certain income tax credits did not make a specific appropriation from the Commonwealth's treasury for purposes of art. 48. Although we focused on the fact that an appropriation "designates a sum of money to be devoted to some object," we did not redefine the concept of appropriation or suggest that an appropriation occurs in every situation where public monies are designated to be devoted to a specific purpose. We held that the proposed tax credits did not set aside monies in the treasury and, thus, could not be viewed as an appropriation. It was not necessary for us to decide, and we did not discuss, the further question

whether any monies had been set aside in a manner that actually authorized the Executive Branch to use them.

2. The plaintiffs argue that *Bromfield* v. *Treasurer & Receiver Gen.*, 390 Mass. 665 (1983), and *Baker* v. *Commonwealth*, 312 Mass. 490 (1942), stand for the proposition that the excise revenue, once placed into the Health Protection Fund, could not be transferred to another fund or used for other purposes. In *Bromfield*, the court held that, absent an appropriation by the Legislature, the Treasurer could not be compelled to pay a judgment and execution against the Commonwealth in an eminent domain action. The court stated: "The Treasurer is not free to pick and choose among the funds entrusted to him to satisfy demands for payment. Were that the case, the Treasurer could, at will, usurp the powers of appropriation which, under the Commonwealth's Constitution, reside with the Legislature." *Bromfield*, *supra* at 672. In *Baker*, the court held that the Commonwealth's unemployment compensation commission could not transfer monies from its account to the account of the Commonwealth's quartermaster to reimburse the quartermaster for a debt which he incurred and paid on behalf of the commission. The court held: "One State department cannot transfer a part of the funds appropriated to it to another department. That in effect would be to decrease the amount appropriated to it by the Legislature and to increase the appropriation made by the Legislature for the other department. No department has any voice in determining the amount of money that should be made available for the use of some other department. If that were permissible there would be little left to the fiscal arrangement set up by [art. 63] imposing responsibility upon the General Court for the management of the financial affairs of the Commonwealth." *Baker*, *supra* at 493-494.

Both of those cases dealt with the scope of authority of officials within the Executive Branch regarding appropriations and expenditures. The cases do not support the plaintiffs' contention that the Legislature may not transfer monies from the Health Protection Fund or appropriate the monies

for other purposes. Far from limiting the Legislature's authority, those cases actually recognize and reaffirm the principle that the appropriation power must remain with the Legislature. The measure in this action, by conditioning the use of monies in the fund on appropriation by the Legislature, preserves the Legislature's power and discretion.

3. The plaintiffs also argue that the measure would make a specific appropriation by modifying the current revenue distribution scheme under G. L. c. 64C, § 28. As noted above, § 28 requires that the amounts collected under c. 64C be credited, in certain fixed percentages, to the Local Aid Fund, General Fund, and Highway Fund. The measure would amend § 28 to exclude from its purview the revenue generated by the excise under the new § 7. The revenue from that excise would be credited entirely to the Health Protection Fund.

We are not persuaded by the plaintiffs' argument. The measure before us would not alter the previous scheme mandated by the Legislature in § 28 for the distribution of monies from any of the existing sources of revenue. The monies presently collected under c. 64C, including the revenue from the excise under § 6, would continue to be credited and distributed according to § 28. The only monies to be credited differently would be the new monies resulting from the imposition of a new, separate and additional excise under § 7. None of the streams of revenue currently flowing into the Local Aid Fund, General Fund, or Highway Fund under § 28 would be rerouted as a result of this measure. Thus the measure would not in any way override the mandate of the Legislature's scheme set forth in § 28.

*Summary.* The plaintiffs claim that the Attorney General's summary is not fair because it does not alert the voters of the possibility that the Legislature might appropriate monies in the Health Protection Fund for purposes other than those for which the fund would be established. We rejected a similar claim by the plaintiffs in *Associated Indus. of Mass., supra* at 8-9. We believe that the inclusion in the summary of the phrase "subject to appropriation by the state

Legislature" accurately and fairly informs voters of the precise contingency involved. The "main features" of the measure have been mentioned, although some of the details may have been covered with "broad generalizations." *Sears* v. *Treasurer & Receiver Gen.*, 327 Mass. 310, 324 (1951).

In reaching this conclusion, we are mindful that the full text of the measure will be made available to all voters, together with partisan arguments for and against the measure. See art. 48, General Provisions, IV, as amended by art. 74, § 4, of the Amendments; G. L. c. 54, §§ 53-54 (1990 ed.). The plaintiffs certainly can attempt to persuade the voters that the measure should be defeated because the expenditure of the monies in the Health Protection Fund would be subject to appropriation by the Legislature. The Attorney General is not required under art. 48, however, to advocate the plaintiffs' position.

*Conclusion.* This action is remanded to the county court for entry of a judgment declaring that the Attorney General's certification and summary of this petition are in compliance with the requirements of art. 48.

*So ordered.*