OPINION OF THE JUSTICES TO THE SENATE AND THE HOUSE
OF REPRESENTATIVES.

*Constitutional Law*, Initiative, Taxation, Impairment of the obligation
of contracts.  *Words*, "Specific."

A proposed amendment to the Constitution restricting the use of certain
revenues derived from motor vehicle registration fees, licenses and
gasoline excise taxes to highway purposes would be a "specific appro-
priation" under Part II, § 2, of that part of art. 48 of the Amendments
to the Constitution captioned "The Initiative," and therefore could
not be proposed by an initiative petition.  .

Upon such information as was in possession of the Justices with an
order requesting their opinions as to whether an amendment to the
Constitution to restrict to highway purposes the use of certain rev-
enues derived from motor vehicle registration fees, licenses and gaso-
line excise taxes would be a violation of § 10 of art. 1 of the Federal
Constitution as an impairment of the obligation of certain evidences
of indebtedness previously issued by municipalities in the Common-
wealth, the Justices stated that the danger of such impairment seemed
too remote for practical consideration.

On May 20, 1937, the following order was adopted by the
Senate and on the same day was adopted in concurrence by
the House of Representatives:

WHEREAS, There purports to be pending before the Gen-
eral Court, under the provisions of Article XLVIII of the
Amendments to the Constitution of the Commonwealth
relative to the Initiative, a certain matter, which has been
referred to its Committee on Constitutional Law, pur-
porting to be an initiative petition for an Amendment to
the Constitution restricting the use of the proceeds of
certain revenues derived from motor vehicle registration
fees, licenses and gasoline excise taxes, excluding only a
motor vehicle excise tax, printed as current House docu-
ment numbered three hundred and eighty-five, a copy
whereof is herewith submitted; and

WHEREAS, Grave doubt exists as to whether or not the
proposed measure makes a specific appropriation of money
from the treasury of the Commonwealth and is thus
excluded from proposal by initiative petition; and

WHEREAS, Grave doubt exists whether or not the subject matter of the proposed Amendment to the Constitution restricts the power of the General Court to raise by taxation or otherwise and appropriate such money as may be necessary to carry a law approved by the people into effect as required in section 2 of that part of Article XLVIII of the Amendments to the Constitution of the Commonwealth captioned "THE INITIATIVE. *II. Initiative Petitions.*", thereby in effect amending said section 2 and making the provisions thereof the subject matter of an initiative petition in violation of the provisions of said section 2; and

WHEREAS, Grave doubt exists whether the proposed Amendment to the Constitution, if adopted, would not be in violation of section 10 of Article I of the Constitution of the United States as constituting a law impairing the obligation of the contracts of those who hold the bonds, notes and other evidences of indebtedness of cities and towns within the Commonwealth issued after January first, nineteen hundred and thirty-seven, and prior to the adoption of said Amendment; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the General Court on the following important questions of law: —

(1) Does the proposed Amendment to the Constitution, as it appears in said House document numbered three hundred and eighty-five, make a specific appropriation of money from the treasury of the Commonwealth within the meaning of section 2 of that part of Article XLVIII of the Amendments to the Constitution of the Commonwealth captioned "THE INITIATIVE. *II. Initiative Petitions.*", so that it is a measure which cannot be proposed by an initiative petition?

(2) Would the submission of the proposed Amendment to the Constitution, as it appears in said House document numbered three hundred and eighty-five, to the vote of the people under Article XLVIII of the Amendments to the Constitution of the Commonwealth be in violation of the fourth paragraph of section 2 of that part of said

Article XLVIII captioned "THE INITIATIVE. *II. Initiative Petitions.*" for the reason that such section was the subject of the petition, or for any other reason?

(3) If the foregoing proposed Amendment were adopted would it constitute a law impairing the obligation of contracts in violation of section 10 of Article I of the Constitution of the United States with respect to bonds, notes and other evidences of indebtedness issued by cities and towns within the Commonwealth after January first, nineteen hundred and thirty-seven, and prior to the adoption of the Amendment and outstanding at the date of such adoption?

The order was transmitted to the Justices on May 24, 1937, and on May 28, 1937, they returned the following answers:

To The Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions in an order adopted on May 20, 1937, and transmitted to them on May 24, 1937, copy whereof is hereto annexed. These questions relate to a petition for "an initiative amendment to the Constitution restricting the use of the proceeds of certain revenues derived from motor vehicle registration fees, licenses and gasoline excise taxes, excluding only a motor vehicle excise tax." That proposed amendment as stated in its description provides "that, with the exception of money derived from a motor vehicle excise tax for the privilege of using the highways, the net proceeds of all gasoline excise taxes and all motor vehicle fuel, motor vehicle and trailer registration fees, licenses, duties, excises and similar taxes shall be expended only for highway purposes, including policing, under the direction of the state department which has jurisdiction over state highways, except when jurisdiction thereof is given to some other department, and for the payment of interest, sinking fund and serial payments on loans and obligations for the pay-

ment of which such proceeds were obligated before January 1, 1937."

1. It is provided in § 2 of art. 48 of the Amendments to the Constitution of the Commonwealth, captioned "THE INITIATIVE. *II. Initiative Petitions*," that "No measure . . . that makes a specific appropriation of money from the treasury of the commonwealth, shall be proposed by an initiative petition . . ."

It is provided by art. 63 of the Amendments to the Constitution that "All money received on account of the commonwealth from any source whatsoever shall be paid into the treasury thereof." Manifestly this comprises all money received by way of excise taxes described in the proposed amendment. The general intent underlying art. 63 of the Amendments to the Constitution is to centralize the financial affairs of the Commonwealth in its own treasury and place responsibility for their control in the General Court. All money belonging to the Commonwealth must be paid into the treasury. No money can be paid out of the treasury except under the provisions of the budget which require both executive and legislative sanction.

No definite sum of money is mentioned in the proposed amendment. Its direct purpose is to seize upon all the revenue received from the designated sources and to appropriate it permanently to a specified public use. If it were adopted, the Legislature would be powerless to appropriate any revenue from that source to any other public use. The words "specific appropriation" in said § 2 relating to matters excluded from the initiative are a part of the Constitution. That is an instrument of solemn and permanent character designed to establish fundamental maxims and to fix unvarying rules to which all departments of government must conform. It is to be construed broadly in order to effectuate the basic principles of government established by it. The general supervision of ways and means for the needs of the Commonwealth was reserved to the General Court. In this context we think that the word "specific" was not intended to be interpreted in any narrow or constricted sense. In general the aim of this

article was to prevent resort to the initiative in order to segregate public moneys or a part of the public revenue to any narrow purpose. We think the provisions of said § 2 were designed to prevent any interference with that general plan by means of the initiative. Permanently to lay hold of and appropriate to a single public use all the revenue derived from one source of taxation we think is a "specific appropriation" within that prohibition.

We answer Yes to question 1.

2. We are not quite sure that we understand the full import of the second question. We interpret it to mean whether the proposed amendment would, if adopted, broaden the scope of the initiative beyond the limitations at present imposed. The question, so interpreted, is answered Yes.

3. It is provided by § 10 of art. 1 of the Constitution of the United States that "No state shall . . . pass any . . . law impairing the obligation of contracts . . ." Question 3 applies to bonds, notes or other evidences of indebtedness of the several cities and towns issued after January 1, 1937, and prior to the adoption of the amendment and outstanding at the date of such adoption. It was said in *Hubert* v. *New Orleans*, 215 U. S. 170, 178: "The power of taxation conferred by law entered into the obligation of the contracts, and any subsequent legislation withdrawing or lessening such power, leaving the creditors without adequate means of satisfaction, impaired the obligation of their contracts within the meaning of the Constitution." That states the governing principle. No statement of facts accompanies the order and our answer must be conditioned upon the possible existence of facts of which we are not aware. The existing law touching gasoline excise taxes and other taxes mentioned in the proposed initiative amendment provides that all revenues from those sources are collected and paid directly into the State treasury, with the exception of the excise tax imposed under G. L. (Ter. Ed.) c. 60A, as amended by St. 1936, c. 384. The only tax collected and retained by the cities and towns is that authorized by said c. 60A as amended. We have

no information as to the amount of the taxes collected locally or distributed from the State treasury to the several cities and towns. The general subject of excise taxes is within the control of the State. The effect of the proposed amendment upon the revenue attributable under the existing law to the cities and towns would seem likely to be so small as not to withdraw from creditors adequate means of satisfaction of their indebtedness. The danger of impairment of obligations of contracts appears to be too remote for practical consideration.

Question 3, subject to the limitations we have stated, is answered No.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.