OPINION OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Constitutional Law,* Appropriation of money, General Court, Opinions
of the Justices. *Commonwealth,* Financial matters. *General Court.*
*Words,* "Appropriate."

A proposed statute merely increasing salaries of State officers and em-
ployees was not to be construed as allocating any specific amount
from the funds in the public treasury for such increases, and was not
an appropriation bill within art. 63, § 4, of the Amendments to the
Constitution.

There is no constitutional provision precluding the General Court from
enacting a statute increasing salaries of State officers and employees,
the provisions of which would call for expenditure of State money in
excess of resources then available, without providing specific means
for payment of the expenditure thereby required.

The Justices are not required under Part II, c. 3, art. 2, of the Constitu-
tion to give their opinions to a branch of the General Court as to a
matter relating to procedure wholly within its control, such as whether
certain proposed legislation "can . . . be ruled out of order before
the enactment stage."

On June 2, 1948, the Justices sent the following answers
to the questions submitted to them by the House of Repre-
sentatives in the order described below.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions set forth in an order
adopted by the House of Representatives on May 24, 1948,
and transmitted to the Justices on May 26, 1948.

The questions submitted relate to a bill now pending
before the House (House, No. 1881) which is entitled, "An
Act providing for a twenty per cent pay increase for certain
officers and employees in the service of the commonwealth."
The pending bill provides, with certain exceptions and
qualifications not material to the questions submitted, that
the salary of each person in the service of the Common-
wealth and paid from the treasury is increased by an amount
equal to twenty per cent thereof. The division of per-

sonnel and standardization of the commission on administration and finance and the comptroller are directed to administer the act. The act is to "take effect as of January first, nineteen hundred and forty-eight," and is declared to be "an emergency law, necessary for the immediate preservation of the public convenience." The order recites that final action has been taken on the general appropriation bill for the fiscal year beginning July 1, 1948, and that the expenditure which would be required to carry out the terms of the proposed act would be far in excess of the means available either for the current fiscal year or for the fiscal year beginning July 1, 1948, "after taking care of the appropriation carried in the said General Appropriation Bill." The pending bill provides no specific means for the payment of the expenditure which its terms would require. Copies of the order of the House and of the pending bill are hereto annexed.

The questions submitted are these:

"(1) Is the pending bill referred to a special appropriation bill within the meaning of Article LXIII of the Amendments to the Constitution?

"(2) Is it constitutionally competent for the General Court to pass said bill, the provisions of which call for expenditure of state money in excess of available resources, without providing the specific means for the payment of the required expenditures?

"(3) Should said bill be amended before enactment so as to provide the specific means for defraying the expenditure authorized, would it then, if enacted, comply with the Constitution?

"(4) Can such a bill be ruled out of order before the enactment stage?

"(5) Would the bill comply with the Constitution if amended so as to make the expenditure authorized thereby subject to such appropriation as might subsequently be made therefor?"

Section 3 of art. 63 of the Amendments to the Constitution provides in part that "All appropriations based upon

the budget to be paid from taxes or revenues shall be incorporated in a single bill which shall be called the general appropriation bill," and § 4 of that article reads, "After final action on the general appropriation bill or on recommendation of the governor, special appropriation bills may be enacted. Such bills shall provide the specific means for defraying the appropriations therein contained."

The pending bill is not an appropriation bill of any kind. It does not designate any sum of money to be devoted to any object. *Kelley* v. *Sullivan*, 201 Mass. 34, 35–36. It makes no allocation of any ascertainable amount or amounts, beyond those already included in the general appropriation bill, upon which State officers whose duty it would be to attend to the payment of the increased salaries could draw. To appropriate has been defined as "to set apart from the public revenue a certain sum of money for a specified object, in such manner that the executive officers of the government are authorized to use that money, and no more, for that object and for no other." *State* v. *Moore*, 50 Neb. 88, at page 96, quoted in *Hunt* v. *Callaghan*, 32 Ariz. 235, 239, and in *State* v. *Dammann*, 220 Wis. 143, 148. Similar definitions are found in numbers of decisions in many jurisdictions. Among them may be cited *Grable* v. *Blackwood*, 180 Ark. 311, 319, *State* v. *Lee*, 121 Fla. 360, 383, *Suppiger* v. *Enking*, 60 Idaho, 292, 297, *Cummings* v. *Scranton*, 348 Pa. 538, 542, *Grout* v. *Gates*, 97 Vt. 434, 448, *State* v. *Rogers*, 24 Wash. 417, 420–421, and *Bengzon* v. *Secretary of Justice of the Philippine Islands*, 299 U. S. 410, 414–415. The pending bill does not fall within these definitions. In *Opinion of the Justices*, 271 Mass. 582, at page 597, in referring to the "Excluded Matters" of art. 48 of the Amendments, The Initiative, II, § 2, the Justices said, "A general and indefinite burden imposed upon the public treasury is wholly variant from a 'specific appropriation,' forbidden by said art. 48." This language was quoted in *Opinion of the Justices*, 309 Mass. 571, at page 583, and at page 587 it was said, "A provision, for example, fixing the salary of a public officer is not an appropriation of that amount for the payment of such salary." See also *Opinion of the Justices*, 297 Mass. 577,

580–581, *Opinion of the Justices*, 300 Mass. 630, 635–636, and *Opinion of the Justices*, 302 Mass. 605, 610–611. The bill is not to be construed as intended to set aside from funds in the treasury and, without subsequent appropriation, to devote to salary increases such specific amounts as tabulation from time to time may show to be necessary to meet the increase. Such construction, even if it were otherwise possible, would bring the bill into collision with § 4 of art. 63. The bill is to be construed as increasing salaries subject to existing or future appropriation for salaries and not as an appropriation bill.

Since the pending bill is not an appropriation bill at all, it cannot be a special appropriation bill within the meaning of art. 63 of the Amendments.

We see no reason why it is not constitutionally competent for the General Court to pass a bill increasing salaries, even though it calls for expenditure of State money in excess of available resources without providing specific means of payment. The General Court has by statute imposed rigid restrictions upon the incurring of liability by municipal corporations in excess of appropriations made. G. L. (Ter. Ed.) c. 44, § 31, as appearing in St. 1946, c. 358, § 23. G. L. (Ter. Ed.) c. 44, § 33A, as appearing in St. 1947, c. 298, § 1. See *McHenry* v. *Lawrence*, 295 Mass. 119; *Barnard* v. *Lynn*, 295 Mass. 144; *Rock* v. *Pittsfield*, 316 Mass. 348; *Allen* v. *Lawrence*, 318 Mass. 210, 213, 215. Similar rigid restrictions are imposed upon State officers. G. L. (Ter. Ed.) c. 29, § 26, as appearing in St. 1947, c. 636, § 1. G. L. (Ter. Ed.) c. 29, § 27, as appearing in St. 1947, c. 636, § 2. See *Baker* v. *Commonwealth*, 312 Mass. 490, 492–493. But we are not aware of any constitutional provision binding the General Court itself not to increase salaries without at the same time providing an appropriation to cover the increase. Statutes have frequently been enacted creating liabilities after final action on the general appropriation bill, the obligations so incurred being taken care of by supplemental appropriations passed later in the year. In *Opinion of the Justices*, 308 Mass. 601, at page 614, it was said, "There is no constitutional prohibition against appropriating money to meet

expenditures incurred prior to the making of the appropriation," citing *Lowell* v. *Oliver*, 8 Allen, 247, 257. What will happen when any appropriations now in existence applicable to the payment of the increased salaries are exhausted, if no new appropriations applicable thereto are by that time made, is a matter not within the scope of the questions submitted. See G. L. (Ter. Ed.) c. 29, § 18, as amended by St. 1945, c. 248, § 3; Constitution, Part II, c. 2, § 1, art. 11.

In our opinion the bill would likewise be constitutional if amended as suggested in questions 3 and 5, but in our opinion the bill is constitutional without such amendments.

Question 4 relates solely to a matter of procedure within the House itself. That procedure is entirely within the control of the House. Constitution, Part II, c. 1, § 3, art. 10. In our opinion this is not an important question of law of the kind upon which under Part II, c. 3, art. 2, of the Constitution the House may require the opinions of the Justices upon solemn occasions. See *Answer of the Justices*, 217 Mass. 607; *Opinion of the Justices*, 269 Mass. 611, 618–619. We therefore respectfully ask to be excused from answering this question.

We do not understand that any of the questions submitted involves the construction or effect of § 6 of the proposed bill.

We answer the first question "No," and the second, third, and fifth questions "Yes."

> STANLEY E. QUA.
> HENRY T. LUMMUS.
> ARTHUR W. DOLAN.
> JAMES J. RONAN.
> RAYMOND S. WILKINS.
> JOHN V. SPALDING.
> HAROLD P. WILLIAMS.