JOHN SINGLETON & others *vs.* TREASURER AND RECEIVER
GENERAL.

Suffolk.   February 3, 1960. — April 5, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Constitutional Law*, Borrowing by Commonwealth.   *Mount Greylock
Tramway Authority.   Commonwealth*, Borrowing.   *Equity Jurisdiction*,
Taxable inhabitants' suit.

A taxable inhabitants' suit was properly brought under G. L. c. 29, § 63,
to restrain expenditure of money or incurring of obligations pursuant
to statutory provisions whereby the interest payable on bonds of a
certain Authority was guaranteed by the Commonwealth and the
State Treasurer was directed to pay deficiencies of interest to the
Authority and to borrow for that purpose, where it appeared that,
although no bonds had been issued, if they were issued and a deficiency
of interest occurred the Treasurer would proceed as directed by the
statute.   [648–649]

Borrowing by the State Treasurer is the only means provided by St.
1953, c. 606, § 10, as amended by St. 1959, c. 608, § 4, for paying to
the Mount Greylock Tramway Authority, as directed by the statute,
deficiencies of interest on the Authority's bonds pursuant to the Com-
monwealth's guaranty of such interest.   [651]

The provisions added to St. 1953, c. 606, § 10, by St. 1959, c. 608, § 4,
for borrowing by the State Treasurer in order to pay to the Mount
Greylock Tramway Authority, as directed by the statute, deficiencies
of interest on the Authority's bonds pursuant to the Commonwealth's
guaranty of such interest do not contemplate a borrowing "in anticipa-
tion of receipts from taxes or other sources" under art. 62, § 2, of the
Amendments to the Massachusetts Constitution, but contemplate a
borrowing subject to § 3 of art. 62, and, not having been enacted by the
yeas of two thirds of each branch of the Legislature present and voting,
are invalid as in conflict with § 3.   [651]

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on October 16, 1959.

The suit was reserved and reported by *Whittemore, J.,*
without decision.

*Frank B. Wallis, (Walter E. Reilly & Henry B. Shep-
ard, Jr.,* with him,) for the petitioners.

*James J. Kelleher,* Assistant Attorney General, for the respondent.

WHITTEMORE, J. The General Court in 1953 (St. 1953, c. 606) provided "for the construction, maintenance, repair and operation of a toll tramway on Mount Greylock, the creation of the Mount Greylock Tramway Authority, and . . . the financing of said project." Statute 1959, c. 608, §§ 2, 3 and 4, purports to amend St. 1953, c. 606, by enacting the Commonwealth's guaranty of the interest on the Authority's bonds and authorizing the Treasurer of the Commonwealth to borrow for the purpose of the guaranty.

In this proceeding under G. L. c. 29, § 63, the petitioners, including, as the statute requires, six taxable inhabitants from each of four counties, seek a ruling that the Treasurer may not expend money or incur obligations purporting to bind the Commonwealth under St. 1953, c. 606, as amended by St. 1959, c. 608, for the reason that the amending statute was enacted, unconstitutionally, without a yea and nay vote of two thirds of each house present and voting.

The case is here by reservation and report of a single justice, without decision, upon the petition, the answer and a stipulation.

Statute 1959, c. 608, purports to make three changes in St. 1953, c. 606. Section 2 of the amending act states the insertion of a new § 2 containing these words: "provided, however, that the interest payable on such bonds shall be guaranteed by the commonwealth. All such tramway revenue bonds shall contain on the face thereof a statement to the effect . . . that the payment of the interest on said bonds is guaranteed by the commonwealth." By § 4, the amending act purports to amend § 10 of St. 1953, c. 606, to include the following: "If, on December first of any year, the amount of the fund established under this section is insufficient to create reserves for such purposes as the authority shall have provided and to pay the principal and interest on its revenue bonds as they become due and payable, the authority shall notify the treasurer of the commonwealth of such deficiency, and the commonwealth shall pay the au-

thority only so much of said deficiency as is necessary to meet the payments of the interest upon bonds of the authority as said payments become due. In order to meet any payment required by the commonwealth under this paragraph the treasurer of the commonwealth shall borrow such sums of money as may be necessary to make such payment to the authority and may issue notes therefor, which shall be payable in not more than one year from the dates thereof and within the same fiscal year as the fiscal year within which they are borrowed in anticipation of appropriations." Section 3 purports to strike the words "and interest" from the sentence in St. 1953, c. 606, § 7, which reads: "The principal and interest of such bonds shall be payable solely from the funds herein provided for such payment."

The Constitution provides in art. 62 of the Amendments: § 2. "The commonwealth may borrow money to repel invasion, suppress insurrection, defend the commonwealth, or to assist the United States in case of war, and may also borrow money in anticipation of receipts from taxes or other sources, such loan to be paid out of the revenue of the year in which it is created. Section 3. In addition to the loans which may be contracted as before provided, the commonwealth may borrow money only by a vote, taken by the yeas and nays, of two-thirds of each house of the general court present and voting thereon. The governor shall recommend to the general court the term for which any loan shall be contracted."

The stipulation states the agreement that no bonds have been issued under St. 1953, c. 606, as amended by St. 1955, c. 476, and St. 1959, c. 608, and that "if bonds are issued . . . and if the respondent is notified that on December first of any year the amount of the fund established under § 10 of . . . St. 1953, c. 606, as amended, is insufficient to create reserves for such purposes as the Authority shall have provided and to pay the principal and interest on its revenue bonds as they become due and payable, the respondent will, if it is determined that the provisions added to said § 10 . . . by St. 1959, c. 608, § 4, are valid, pay the Authority

so much of said deficiency as is necessary to meet the payments of interest upon the bonds . . . as said payments become due, and will borrow under authority of the provisions of the paragraph so added . . . such sums of money as may be necessary to make the required payment . . . and may issue notes therefor payable as provided in said paragraph."

The petition is properly brought under G. L. c. 29, § 63. It is shown that "if events take their normal course, if no extraordinary intervention occurs, and if there is no restraint by the court . . . he [the respondent] will pay out money . . . ." *Sears* v. *Treasurer & Recr. Gen.* 327 Mass. 310, 318. See *Prince* v. *Crocker,* 166 Mass. 347, 358.

. We are unable to accept the respondent's construction that St. 1959, c. 608, § 4, authorizes a borrowing in anticipation of receipts. The respondent as we understand his brief recognizes that a prior appropriation would be required if the deficit is to be paid from funds on hand, or from funds borrowed in anticipation of receipts. Art. 63, §§ 1–5, of the Amendments to the Constitution. Const. Part II, c. 2, § 1, art. 11. G. L. c. 29, § 18. *Opinion of the Justices,* 297 Mass. 577, 580 ("All money belonging to the Commonwealth must be paid into the treasury. No money can be paid out of the treasury except under the provisions of the budget which require both executive and legislative sanction"). *Opinion of the Justices,* 300 Mass. 630, 636 ("Legislative and executive sanction for such payments must, at least ordinarily, be given by statutes making appropriations therefor"). *Opinions of the Justices,* 302 Mass. 605, 612, 614; 323 Mass. 764, 766–767; 334 Mass. 716, 718. *Auditor of the Commonwealth* v. *Trustees of Boston Elev. Ry.* 312 Mass. 74, 81.

The respondent, to meet the need for an appropriation prior to the borrowing, suggests that St. 1959, c. 608, § 4, is to be construed as an advance appropriation of such sums as may be necessary from year to year. See *Opinions of the Justices,* 308 Mass. 601, 615; 309 Mass. 571, 583, and citations; 334 Mass. 716. We disagree. The statute provides that "[i]n order to meet *any payment* required . . . the

treasurer . . . *shall borrow* such sums of money as may be necessary to make such payment . . ." (emphasis supplied). This speaks as a direction to borrow the amount required to be paid. It is true that the statute necessarily commits the amounts which are to be borrowed to the purpose of paying the deficiencies of bond interest. Such commitment, however, of amounts borrowed does not change the purpose of the borrowing. If the statute were an advance appropriation of whatever might be needed to pay the deficiency there would be no need of borrowing unless general funds in the treasury happened to be insufficient to meet that obligation together with others then payable for which appropriations had been made. The wording of the statute is inappropriate as a direction to borrow to pay an amount already appropriated and only in the contingency of a shortage of general funds. Any uncertainty, if it exists, is resolved by the words "in anticipation of appropriations" which declare the expectation that the appropriation needed in any year will be made after the amount is ascertained. Of course, an appropriation after the amount needed had been borrowed would be for the purpose of paying the loan, and not of paying the deficiency. What St. 1959, c. 608, § 4, purports to authorize is a borrowing to pay an obligation in the absence of an appropriation to pay that obligation. This, precisely, is a borrowing *to create receipts* from which the obligation can be paid; it cannot reasonably be deemed a borrowing *in anticipation of receipts*. It is a borrowing for which the Constitution requires a two-thirds vote of each house taken by yeas and nays.

It is not significant that the statute requires that the term of the notes to be issued under § 4 be such as to bring them within the constitutional authorization for borrowings in anticipation of receipts or that the Governor is by the Constitution to recommend the term for which a loan requiring a two-thirds vote is to be contracted. The essential declared purpose of the borrowing remains unaffected by these provisions.

Other statutes of somewhat similar wording are distin-

guishable in essential aspects. Statute 1948, c. 544, which established the New Bedford, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, adopted without a two-thirds vote taken by yeas and nays (1948 Senate Journal, pp. 1192, 1193), provides in § 9[1] for permissive borrowing in anticipation of receipts from the municipalities and county on which the deficiency payment is assessed. Statute 1941, c. 139, § 1, inserting a new § 11[2] in Sp. St. 1918, c. 159, as amended by St. 1935, c. 99, § 1 (Boston Elevated Railway Company deficits), and St. 1947, c. 544, § 13, as amended by St. 1949, c. 572, § 5 (Metropolitan Transit Authority deficits), adopted without two-thirds, yea and nay votes (1941 Senate Journal, p. 488; 1947, p. 1103; 1949, p. 1297), also provide for permissive borrowing in anticipation of receipts from municipalities.

We rule (1) St. 1953, c. 606, § 10, as amended by St. 1959, c. 608, § 4, purports to authorize the borrowing of money as the only means of making payment under the stated guaranty of interest on the tramway bonds; (2) such borrowing is not a borrowing in anticipation of receipts, is not authorized by § 2 of art. 62 of the Amendments to the Constitution, and is subject to § 3 of that article; (3) such borrowing not having been authorized by a statute enacted by a two-thirds vote of each house of the General Court, taken by yeas and nays, in accordance with § 3, is unauthorized.

The petition does not present other questions of the con-

---

[1] Section 9 provides: "If as of the last day of December in any year the amount remaining in the reserve fund shall be insufficient to meet the deficiency . . . the Authority shall notify the state treasurer of the amount of such deficiency, less the amount, if any, in the reserve fund applicable thereto, and the commonwealth shall thereupon pay . . . the amount so ascertained . . . . In order to meet any payment required . . . the state treasurer may borrow . . . in anticipation of the assessments to be levied upon the cities and towns . . . and he shall repay any sums so borrowed as soon after said assessments are paid as is expedient. . . . [S]uch amount with interest or other charges incurred in borrowing the money for the purpose, except such amounts as may be appropriated by the general court therefor, shall be assessed on the city of New Bedford and the towns of Falmouth and Nantucket and the county of Dukes County . . . ."

[2] " . . . [T]he commonwealth shall thereupon pay . . . [the net deficit]. In order to meet any payment . . . the treasurer and receiver general may borrow at any time, in anticipation of the assessments to be levied upon the cities and towns, such sums of money as may be necessary to make said payments . . . ."

struction and validity of St. 1959, c. 608, which may arise
if an appropriation is hereafter made and the payment of
money pursuant thereto impends.

The decree will provide that the Treasurer and Receiver
General, under St. 1953, c. 606, § 10, as amended by St. 1959,
c. 608, § 4, may not borrow, and, on the case presented, may
not pay from funds raised by taxation deficiencies in in-
terest on the bonds of the Authority.

*So ordered.*