**OPINION OF THE JUSTICES of the Supreme Court in Response to Questions Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

June 7, 1973.

To His Excellency Sherman W. Tribbitt
Governor of Delaware

Reference is made to your letter of May 31, 1973, addressed to the Chief Justice, requesting the opinion of the members of the Supreme Court upon the constitutional enactment of 58 Laws, Chapter 578 and, specifically, with respect to the attempted item

veto of the last sentence of Section 17 of that law.

You have requested the opinions of the members of the Court pursuant to 10 Del. C. § 141, and asked us two questions as follows:

1. Was the exercise of the line-item veto of Section 17 of Senate Bill No. 757, as amended, invalid in that it was not a disapproval of an item making an appropriation of money as required by Article III, Section 18 of the Constitution of the State of Delaware?

2. If the answer to Question No. 1 is "Yes", what is (a) the constitutional effect of a nugatory veto of a non-appropriation clause in an appropriation bill on the line-item appropriation to which the clause is a condition precedent and, (b), have the remaining sections of Senate Bill No. 757, as amended, been approved in accordance with the Constitution of the State of Delaware?

Initially, we note that 58 Laws, Chapter 578 is an Act authorizing the State of Delaware to borrow money by issuing bonds and appropriating the moneys so borrowed to various agencies of the State. The total appropriation made by the Bill is $79,767,400. The appropriations are made in specific amounts to twelve State agencies. Section 7(f) appropriates to the Department of Natural Resources and Environmental Control the sum of $8,750,000.

In our opinion, 58 Laws, Chapter 578 is to be regarded as separate appropriations to the various agencies listed in Section 7 of the law as though each was a separate appropriation bill to the particular agency concerned. We regard, therefore, the validity or invalidity of the appropriation to the Department of Natural Resources and Environmental Control as though it were a separate and independent appropriation bill. The answers to your questions, therefore, relate solely to the validity of the Natural Resources sections of Chapter 578.

The precise section involved in the questions you have asked is Section 17 of the law which provides as follows:

"No funds appropriated by this Act to the Department of Natural Resources and Environmental Control for land acquisition can be expended without prior approval by the State Planning Office with respect to compliance with the Delaware Development Plan. *In addition, no land purchase in excess of $50,000 shall be contracted by the Department of Natural Resources and Environmental Control, without prior approval of the General Assembly; provided, however, that the Department of Natural Resources and Environmental Control shall not be prohibited from conducting studies, surveys or other contractual arrangements that would normally precede land acquisition procedures."* (emphasis supplied)

The emphasized portion of Section 17 was purportedly line-item vetoed by your predecessor in office pursuant to the authority of Article III, Section 18 of the Constitution of Delaware. The pertinent provision of that constitutional provision is as follows:

"The Governor shall have power to disapprove of any item or items of any bill making appropriations of money, embracing distinct items, and the part or parts of the bill approved shall be the law, * * *"

Some time after the action of your predecessor, the validity of his exercise of the item veto provision was questioned, and an Opinion was requested of the Attorney General upon the matter. On December 8, 1972, the Attorney General submitted an Opinion to the effect that the attempted item veto of the referred-to sentence was an invalid line-item veto and, accordingly, the entire bill was valid and operable, and Section 17 remained unchanged.

We understand that the question has now been raised again by bond counsel, and must be resolved as finally as possible prior to the submission of the bonds for sale to the public. We understand, in fact, that the deadline for this purpose is June 15, 1973.

We reiterate that, in our opinion, the provisions of 58 Laws, Chapter 578, appropriating money and providing for the issuance of bonds with respect to the eleven agencies other than the Department of Natural Resources and Environmental Control are presumably valid and operable, and the questions asked by you relate only to the provisions relating to the Department of Natural Resources. Irrespective of the result to that appropriation, therefore, the other provisions of Chapter 578 are unaffected by the answers to your questions.

We think the questions you have asked are contolled by an Advisory Opinion given by the members of this Court to one of your predecessors in office on June 14, 1965, reported as Opinion of the Justices, 8 Storey 475, 210 A.2d 852. In that Opinion, it appeared that a question was raised concerning the effectiveness of a purported line-item veto of Section 14 of 54 Laws, Chapter 402, a law designed to establish means to provide state financial support for the amortization of school construction bonds issued by districts in order to equalize the ability to pay among the various districts.

Purporting to act pursuant to the provisions of Article III, Section 18 of the Constitution, the then Governor attempted to approve Sections 1 through 13 by indicating his approval through the signing of the bill and, at the same time, attempting to line-item veto Section 14.

In our Opinion, we stated that the attempted line-item veto was an invalid attempt to exercise the authority contained in Article III, Section 18 for the reason that the partial veto authority was confined solely to items appropriating money, and since Section 14, and indeed no section of the bill then under consideration, con-

tained an appropriation of money, clearly the constitutional provision had no application.

■ It is clear to us that, by reason of the foregoing Advisory Opinion, the authority of Article III, Section 18 applies only to items of appropriation contained in a bill presented to the Governor for approval or disapproval.

■ In our opinion, Section 17 of the law currently under consideration is in no sense a law appropriating money. As originally proposed by the House and Senate, the language attempted to be struck by the partial veto was a condition imposed upon a prior appropriation to the Department of Natural Resources. As such, it is not an item of appropriation, and the provisions of Article III, Section 18 of the Constitution are not applicable. It follows, therefore, that your predecessor's attempt to partially veto a portion of Section 17 was void. We therefore agree with the Attorney General's conclusion in this respect.

The answer, therefore, to the first question posed by you is in the affirmative.

Our answer to the first question makes it necessary for us to answer the second question set forth in your letter.

The Attorney General gave an Opinion that, while the veto of a portion of Section 17 was invalid, that had no effect on the entire bill, including all of Section 17, which was therefore operative and valid as though the veto had never occurred.

■ We must disagree with the Attorney General in this respect. In our Opinion given to one of your predecessors in office, we had occasion to refer to this precise question, and did so in the following language:

"Furthermore, fundamental constitutional consideration requires that this be so. The legislative process for the enactment of law established by our Constitution contemplates the formulating of proposed laws by the Houses of the General Assembly, and the submission of a proposed law to the Governor for his approval or disapproval. In effect, the Governor and the Houses of the General Assembly are a legislative team, but each has separate and distinct functions in the enactment of laws. It is the function of the Senate and House to agree upon the form and substance of a law, and, generally speaking, it is the function of the Governor to act as a check upon the final enactment of that law. In doing so, he must approve or disapprove it as a whole for he has no constitutional power to alter the content of a proposed law submitted to him, except as to appropriations of money."

The Attorney General attempted to distinguish our former Opinion from the question before us now on the ground that the law then under consideration was in no respect an appropriation bill, while the law presently under consideration is, of course, *inter alia,* an appropriation bill. We think, however, that the purported distinction is really no distinction.

■ The fundamental constitutional requirement of agreement on an entire piece of legislation between the House and Senate and the Governor is necessary whether the proposed legislation is an appropriations bill or a matter of general law, subject only to the authority conferred by Article III, Section 18 of the Constitution permitting a partial veto by the Governor of an item of appropriation.

■ Consequently, it follows that, even though proposed legislation be an appropriations bill in some respects, if the Governor attempts to veto a portion of the bill, itself, which is not an appropriation but is a matter of general law, that indicates a lack of agreement between the Governor and both Houses of the General Assembly and, therefore, there has been no approval of the proposed legislation as an entirety by the Governor. Accordingly, that absence of approval necessitates the conclu-

sion that the law has not been validly enacted.

It follows, therefore, since, as we have pointed out, 58 Laws, Chapter 578 is in reality a conglomerate of separate appropriation acts to separate state agencies, the provisions for appropriation to the Department of Natural Resources by Section 7(f) of the Bill, with the condition imposed by Section 17 of the Act, have failed of enactment. This result is regrettable but necessary, we think, by a proper construction of our Constitution.

We again point out, in order to lay any doubt to rest, that the other provisions of 58 Laws, Chapter 578 remain totally unaffected by this Opinion.

Respectfully submitted,

DANIEL F. WOLCOTT,

Chief Justice,

JAMES B. CAREY,

D. L. HERRMANN,

Associate Justices.