OPINION OF THE JUSTICES TO THE GOVERNOR.

*Constitutional Law,* Appropriation of money, General Court, Governor. *General Court. Governor.*

A rewriting of an item in the general appropriation bill of the Legislature by a section of a supplementary appropriation act adding no new money and concluding "prior appropriation continued," and a "further" amendment of the same item by a subsequent section of the supplementary appropriation act adding words restricting the use of funds thereunder, in substance and effect struck out the item in the precise form previously enacted and added a single new item under the same heading, incorporating the changes made by both such sections; the effect of a disapproval of the new item by the Governor would be to leave the item in effect as previously enacted in the general appropriation bill. [913-914]

The Governor, acting pursuant to § 5 of art. 63 of the Amendments to the Massachusetts Constitution, can disapprove a section of a supplementary appropriation act which amends an item of the general appropriation bill by inserting a restriction on such item. [914-915]

On November 8, 1977, the Justices submitted the following answer to a question propounded to them by the Governor.

To His Excellency, the Governor of the Commonwealth:

The Justices of the Supreme Judicial Court respectfully submit their answer to the question set forth in the request of the Governor, dated November 1, 1977, for an advisory opinion relating to a bill, House No. 6596, pending before him. A copy of the bill was transmitted with the request. The bill is entitled "An Act supplementing certain items in the general appropriation act for the fiscal year nineteen hundred and seventy-eight and providing for certain new activities and projects."

The bill would make certain supplementary appropriations, subject to the conditions in St. 1977, c. 363A, the general appropriation act for the current fiscal year, and would amend various provisions of c. 363A. Sections 4, 5, 6 and 7 of the bill would amend four items in c. 363A by adding to each of those items a proviso "that no funds authorized under this item shall be allowed to pay for abortions not necessary to prevent the death of the mother."

The question is:

"Can the governor, acting pursuant to the powers contained in Amendment Article 63, section 5, of the Massachusetts Constitution, disapprove sections four through seven of H. 6596?"

We invited the submission of briefs and received briefs on behalf of the Governor, and on behalf of the American Federation of State, County and Municipal Employees, AFL-CIO, supporting a "Yes" answer; and briefs on behalf of certain members of the House of Representatives, and on behalf of the counsel to the House of Representatives, supporting a "No" answer.

The history and purpose of art. 63 are discussed in *Opinion of the Justices*, 349 Mass. 804, 805-807 (1965), and authorities cited. The governing provision is § 5: "The governor may disapprove or reduce items or parts of items in any bill appropriating money. So much of such bill as he approves shall upon his signing the same become law. ..." Without such a provision, the Governor "may be ob-

liged to veto an entire bill merely on account of one item which does not meet his approval." 3 Debates in the Massachusetts Constitutional Convention 1917-1918, at 1146 (1918). See *Commonwealth* v. *Barnett*, 199 Pa. 161, 171-177 (1901). Item veto provisions in the Constitutions of forty-three States are cited in Note, 18 Drake L. Rev. 245 (1969).

In *Opinion of the Justices*, 294 Mass. 616, 620-621 (1936), we construed the phrase "items or parts of items" to refer to "separable fiscal units." "No power is conferred," we said, "to change the terms of an appropriation except by reducing the amount thereof. Words or phrases are not 'items or parts of items.' . . . We are of opinion that the power conferred upon him [the Governor] by said art. 63 does not extend to the removal of restrictions imposed upon the use of the items appropriated."

That opinion would be directly applicable here if the bill appropriated a specific sum, for example, for a medical assistance program, and provided either as part of the item or in a separate section that none of the funds authorized under the item should be used to pay for abortions. In such a case the Governor could disapprove the entire bill, or he could disapprove or reduce the specific item. Cf. *Opinion of the Justices*, 306 A.2d 720, 723-724 (Del. 1973) (purported veto of restriction resulted in failure of enactment of restricted item). But he could not eliminate the restriction so as to enact the item free of the restriction.

The situation before us is different. In *Opinion of the Justices*, 294 Mass. 616 (1936), the Legislature inserted a restriction on an item in the Governor's budget. We said, "In substance and effect the General Court omitted the item in the precise form submitted and added a new item under the same heading as embodied in the bill." *Id.* at 621. So, here, the Legislature enacted an appropriation item for a medical assistance program as part of the general appropriation act, St. 1977, c. 363A, § 2, item 4402-5000. The present bill, by § 4, would insert a restriction on that item. In substance and effect the Legislature is striking out that item in the precise form previously enacted

and adding a new item under the same heading. Sections 6 and 7 of the present bill stand on the same footing.

Section 5 of the present bill, amending item 1120-2000, is significantly different. Item 1120-2000 is rewritten by § 2 of the present bill. No new money is added; the new item concludes, "prior appropriation continued." By § 5 the same item is "further amended" by inserting additional restrictive language. In our opinion, these provisions in substance and effect strike out item 1120-2000 in the precise form previously enacted and add a single new item under the same heading, incorporating the changes made by both § 2 and § 5. Under *Opinion of the Justices,* 294 Mass. 616, 620-621 (1936), the Governor cannot remove restrictions thus imposed unless he disapproves the entire new item. Thus he can disapprove § 5 of the bill only if he disapproves § 2, item 1120-2000. The effect of such a disapproval would be to leave item 1120-2000 in effect as previously enacted.

Each new item sets apart from the public revenue a certain sum of money for a specified object, in such manner that the executive officers of the government are authorized to use that money, and no more, for that object and for no other. It is therefore an appropriation. *Opinion of the Justices,* 323 Mass. 764, 766 (1948). See *Opinion of the Justices,* 300 Mass. 630, 635-636 (1938); *Opinion of the Justices,* 297 Mass. 577, 580-581 (1937). Except as we have pointed out with respect to item 1120-2000, each new item is a separable fiscal unit, not related to any other item in the present bill. The Legislature cannot narrow the Governor's power to disapprove such an item by stating it in words and phrases rather than in figures. *State ex rel. Sego* v. *Kirkpatrick,* 86 N.M. 359, 369-370 (1974). *State ex rel. Brown* v. *Ferguson,* 32 Ohio St. 2d 245, 252 (1972).

If the Governor could not veto such a new item, the way would be open for evasion of the item veto by a two-step process. The Legislature could first make a noncontroversial appropriation. Once that was enacted, it could then insert the controversial restriction as a separate section in

an essential supplementary appropriation bill. The very vice of "log-rolling" against which the item veto is a safeguard would be reintroduced. See *Bengzon* v. *Secretary of Justice,* 299 U.S. 410, 415 (1937).

We need not and do not consider the question whether the Governor could disapprove general legislation attached as a "rider" to an appropriation bill. Compare *State ex rel. Turner* v. *Iowa State Highway Comm'n,* 186 N.W.2d 141, 151-152 (Iowa 1971), and *State ex rel. Sundby* v. *Adamany,* 71 Wis. 2d 118, 135 (1976), with *Patterson* v. *Dempsey,* 152 Conn. 431, 439-443 (1965), and *Jessen Assocs.* v. *Bullock,* 531 S.W.2d 593, 600 (Tex. 1975).

Subject to what we have said about item 1120-2000, we answer the question, "Yes."

The foregoing answer and opinion is submitted by the Chief Justice and the Associate Justices subscribing hereto on the eighth day of November, 1977.

EDWARD F. HENNESSEY
FRANCIS J. QUIRICO
ROBERT BRAUCHER
BENJAMIN KAPLAN
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS