RICH, LANG & COTÉ, INC. *vs.* TOWN OF WARREN. March 9, 1982. A judge of the Superior Court vacated an arbitral award in favor of a firm of architects which had been engaged by the town's school building committee because he concluded that payment of the award ($30,000) would result in the town's violating the first sentence of G. L. c. 44, § 31, as appearing in St. 1955, c. 259. See *Arthur R. Murphy, A.I.A., & Associates* v. *Brockton,* 364 Mass. 377, 380-381 (1973); *Marlborough* v. *Cybulski, Ohnemus & Associates,* 370 Mass. 157, 159-161 (1976). The particular reasons for that conclusion need not be recited; it will suffice for present purposes to note that the judge appears (a) to have proceeded on the premise (as to which see Rhyne, Municipal Law § 15-2 [1957]; 15 McQuillin, Municipal Corporations § 39.60 [3d rev. ed. 1970]) that the only action of the town meeting which might have constituted an "appropriation" within the meaning of § 31 was the vote to effect a transfer from the stabilization fund (G. L. c. 40, § 5B) and (b) to have ignored the classic language of appropriation which was employed in the initial vote under the same article of the warrant that "the [t]own appropriate the sum of one million, eight hundred seventy-five thousand dollars ($1,875,000) for the construction, original equipping and furnishing of an addition to the East School . . . and the reconstruction, remodeling, rehabilitation and modernization of said school . . . ." See *Kelley* v. *Sullivan,* 201 Mass. 34, 35-36 (1909); *Opinion of the Justices,* 373 Mass. 911, 914 (1977), and opinions cited; *Gloucester Firefighters Local 762* v. *Gloucester,* 8 Mass. App. Ct. 106, 110 (1979). The town has abandoned its earlier contention concerning the "approvals . . . from the [S]tate government" which were referred to in the concluding part of the same vote. See Mass.R.A.P. 16(a) (4), as amended, 367 Mass. 921 (1975). Accordingly, the present judgment is reversed, and a new judgment is to be entered which confirms the arbitral award and orders the town to pay the same, with interest thereon from the date of the plaintiff's application to the court for confirmation of the award (*Glenn Acres, Inc.* v. *Cliffwood Corp.*, 353 Mass. 150, 156 [1967]; *Sterling Engr. & Constr. Co.* v. *Taunton,* 5 Mass. App. Ct. 781 [1977]), and the costs and disbursements allowable under G. L. c. 251, § 14.

*So ordered.*

*John M. Kahn* for the plaintiff.
*Vincent J. McCaughey,* Town Counsel, for the defendant.